*UTICA,*
*July, 1830.*

The People
*v.*
Gray.

---

## The People *vs.* E. & J. Gray.

A *new trial* was refused in a criminal case where the complaint was that the
judge, although requested, declined to charge the jury, there being no dis-
pute as to the law of the case; the trial closing so late on Saturday night
that, had the jury been charged, they must either have been dismissed or
kept over the Sabbath ; and the verdict being fully supported by the evi-
dence.

The defendants were tried for murder, at the oyer and
terminer of Genesee.    The trial occupied four days, and was
closed about ten minutes before twelve o'clock on Saturday
night.    It was conceded by the public prosecutor, that if the
jury were of opinion that the defendants or either of them
were guilty of manslaughter only, they might so find.    The
defendant's counsel requested the presiding judge to charge
the jury upon the law and the facts, who declined to do so,
and submitted the case to the jury without any remarks.    The
defendants were convicted of murder.    An exception was
taken to the omission of the judge to charge the jury, and
the case was brought up for the advice of this court.

*J. Hoyt*, for the defendants.

*Greene C. Bronson*, (attorney general) for the people.

UTICA,
July, 1830.

Williams
v.
Welch.

*By the Court,* SAVAGE, Ch. J.    It is no doubt the duty of the judge to charge the jury and state to them the law of the case ; but there may be good reasons for omitting to do so. In this case there was no dispute about the law, and the facts and intents were for the jury to decide.    Had the judge undertaken to charge the jury, he could not have done so before the Sabbath morning, when the jury must have been discharged or kept together over the Sabbath.    He therefore exercised his discretion and submitted the case without a charge.    The verdict ought not to be set aside on this ground, unless it manifestly appears that the omission of the judge operated to the prejudice of the defendants.    That it had no such effect appears from a comparison of the evidence with the verdict.    The testimony presents a clear case of wilful murder by James Gray, and of aiding and assisting by Elijah Gray.    The verdict is fully supported by the evidence, and a new trial ought not to be granted.    The oyer and terminer are advised to proceed and pronounce judgment.