CHITTENDEN.
January,
1831.

### STATE vs. GUY CATLIN.

When a piece of land is left open by the owner for public use, as a common thoroughfare, without any intention, manifested by him at the time, of resuming the possession, and the land is accordingly so used by the public, without restriction, until other persons have become interested by purchases, made under the expectation that it would not be reclaimed by the owner, it becomes a highway by dedication, and neither the owner, nor his grantees, can again resume the possession, though such dedication may not have existed fifteen years.

The declarations of the owner of the soil are admissible evidence to show a dedication to the public use.

When the court are not reminded of their omission to charge the jury on a particular point, until the jury have returned their verdict, it is not error in the court, then to refuse to charge on the point in question.

This was an *indictment* for a nuisance in maintaining and continuing a certain store in Burlington.   The place, in which the offence was charged to have been committed, is a large space of ground extending from the south side of Pearl street, in Burlington, to that part of the college lot, which lies west of the college buildings, and is bounded on the west side by the tavern stand, called the Green Mountain House, and a line of buildings south of it, and on the east side by the brick building, opposite the dwelling house of Judge Foote, and a line of buildings south of it, and is supposed to be a little less than twenty rods wide, from east to west, and more than twenty rods long from north to south.   For the purpose of proving that the place in question had become, and was, at the time of the offence charged, a public common and highway, the prosecutor offered to prove by parol, that Stephen Pearl, (who was admitted to have been the owner of the land,) declared his intention in 1801, and afterwards, of leaving this place open to the public as an addition to the college green ; and that it was afterwards, within three or four years, cleared and made smooth by the voluntary labour of students and other individuals, and that it remained open and unobstructed until after the execution of a deed from Pearl to Giles T. Chittenden and Archibald

W. Hyde, hereafter mentioned. The prosecutor also offered to
prove, for the purpose aforesaid, that in 1801, and afterwards,
the said Pearl sold and conveyed in house lots the land on the
west and east sides of the tract in question, and in the deeds boun-
ded the purchasers upon the said tract by the name of the public
square or college green. To all this evidence the respondent
objected, insisting that it was not proper evidence to show a dedi-
cation to the public. But the court overruled the objection. The
prosecutor then read in evidence the record of a deed from said
Pearl to one Burnham of the land now forming part of the tavern
stand, aforesaid, dated January 20, 1801, wherein the premises
conveyed were described as " lying on the west side line of
" the green, which is four chains wide ;" also a deed from Pearl
to Frederic L. Goch, dated October 2, 1802, of a part of the
same premises described in the last deed, aforesaid, and an addi-
tion, being five acres in the whole, which was therein described as
" beginning at the north west corner of the college green, and
" extending southerly on the side of the college green ;" also a
deed from Pearl to Joseph Miller, dated in January, 1804, of the
house-lot next south of the land last mentioned, which in said deed
is described as " adjoining the west side of the college green ;"
also a deed from said Pearl to one Flagg, dated in January, 1804,
of one and a half acres next south of the last mentioned lot, and
described, as " adjacent to the college square ;" also a deed from
said Pearl to Samuel Fitch, dated in October, 1803, of a small
lot on the east side of the tract in question, and adjoining Pearl
street, in which no mention is made of any green, square, or com-
mon ; also a deed from said Pearl to Daniel Farrand, dated in
August, 1804, of a lot next south of the one last mentioned, which
is described as lying on the " east side of the college green,"
said deed containing a covenant in relation to the tract
now in question. The prosecutor also proved that
the tract in question was gradually cleared off and made
smooth between the years 1801, (when the college was built,) and
1805, and that this was chiefly done by voluntary labour of stu-
dents and other individuals, aided in one instance by a contribu-
tion for digging out the stumps ; that it was denominated a public
square or college green, and most usually, " the college green,"
and that it continued open, with the original college green,
and wholly unobstructed, until November, 1814. One witness
testified that some considerable time previous to Novem-
ber, 1814, in conversation with Pearl relating to the piece
of ground now in question, the latter told him in very em

CHITTENDEN
January,
1831.

State
vs.
Catlin

phatic terms, that he had given it out as a college green, and it should always remain so. Another witness testified, that more than twenty years ago, he, the witness, owned a house lot on the west side of the tract in question, and another on the east, and being in treaty for the sale of them, and feeling interested to know whether the space in question was to remain permanently open as a common, (as that fact would affect the price of the lots,) he applied to Pearl to learn his intentions on the subject; and that he told the witness explicitly, that the space in question was thrown out to remain open as a public common or college green. It was proved by the town records of Burlington, that in 1807 the select men laid a road six rods wide upon the west side of the tract in question, and another of the same width on the east side, which have remained open and unobstructed.

The respondent gave in evidence a deed from said Pearl to Giles T. Chittenden and Archibald W. Hyde, dated November 12, 1814, of part of the tract in question, being about six rods east and west, and about ten rods north and south, and situated between the two roads aforesaid, as laid out in 1807 ; and also proved, that soon afterwards, Pearl sold to Cornelius P. Van Ness another piece, situated between the two side roads, aforesaid, and extending from the tract last mentioned south, to the original college lot or green ; and further proved that immediately after the execution of said deed to Chittenden and Hyde, as aforesaid, the store now complained of was erected by said Chittenden, on the land described in said deed, and that said Van Ness, for several years past, had kept the land contained in his purchase from Pearl enclosed with a fence. And it was further shown, that about ten years since the select men of Burlington laid out and opened a cross road from east to west on the line between said tract, deeded by Pearl to Chittenden and Hyde, as aforesaid, and the tract purchased by Mr. Van Ness as aforesaid, and that about the same time they added to Pearl street a small strip of ground, and to the side roads above mentioned one or two other small strips of ground, not covered by said deed from Pearl to Chittenden and Hyde, and that these roads had remained open and unobstructed. A deed was also in evidence from Giles T. Chittenden to the defendant, dated August 14, 1816, of the tract contained in the deed from Pearl to Chittenden and Hyde. And it was proved that for several years past, the respondent by himself and his tenants had occupied and upheld the store aforesaid for his individual profit and use, which he continued to do to the time of the trial.

On the part of the respondent it was insisted, that the right of Pearl to resume the exclusive possession of the land, was not lost, unless it had been occupied with his assent as a public square or college green for the term of fifteen years previous to the execution of his deed to Chittenden and Hyde ; and that if his intention was to give the use of the land to the college corporation, and not to the public at large, the indictment could not be supported.

CHITTENDEN
January,
1831.

State
vs.
Catlin.

The court among other things, charged the jury, that if they found from the evidence that the place in question was left open or thrown out by the owner for public use, as a common thoroughfare, without any intent on his part, manifested by acts or declarations at the time, to resume the possession, and that it was so used by all persons at pleasure, and without restriction, it might become a public square or highway by dedication, for the purposes of this prosecution, without any deed, or recorded declaration on the part of the owner, or any survey, or record, or other official act on the part of the public ; and that if he suffered it to continue until third persons, acting to his knowledge, on the expectation that such dedication was not to be revoked, would be subjected to essential injury if their expectations were disappointed, his right of resuming exclusive possession was gone, and could not be lawfully asserted by himself or his grantee, though the dedication might not have existed for the period of fifteen years. And with a view to the application of these principles, the jury were referred to the several parts of the evidence aforesaid. The jury were not instructed as to the effect upon the prosecution, if they should find that Pearl intended the dedication for the exclusive benefit of the college corporation. No other evidence of such intent appeared in the case, except what is above detailed, nor was the court reminded of their omission to charge on that point until after the verdict was pronounced. Verdict guilty. To the several decisions of the court, to the charge of the court as above given, and to the omission of the court to charge in the particular last mentioned, the respondent excepted ; whereupon the cause was removed to this Court.

After argument, *the opinion of the Court was delivered by*

WILLIAMS, J.—The principal question which has been made in this case has been considered and decided in the case of *Abbott* vs. *E. & T. Mills.** It has been decided, that land may be set apart for the public use by the owner or proprietor without deed ; that it is not necessary that the lands so set apart should

*See preceding case.

CHITTENDEN
January,
1831.

State
vs.
Catlin.

have been used for any particular period of time to establish the right of the public or of individuals to have it so continued, and that the original proprietor or owner cannot recover the lands once dedicated by him for a public common or square, when individuals have been induced to purchase lands bordering thereon, in the belief, and with the expectation, held out that it was so to remain.

The case under consideration affords a striking illustration of the propriety and justice of the principles thus established. The original owner of this college green could not recover this land without seriously prejudicing the interest of individuals, nor without the most manifest injustice on his part. The declarations of Pearl, before he sold to the respondent, or those under whom he claims, were admissible in evidence, particularly in connection with his acts and those of others of which he had knowledge. Indeed, without those declarations it might have been doubtful whether he intended a public dedication or not.

The second position which has been taken in the argument, viz., that the court should have advised the jury that there was not sufficient evidence of a dedication to the public to support the indictment, is certainly unsound. The evidence detailed in the case was abundantly sufficient for the purpose; and, if believed, (and the jury were alone to determine whether the witnesses were entitled to credit,) establishes the fact, most clearly, that this common or square had been dedicated to the public, and could not be disposed of by the owner for any other use.

It would be a sufficient answer to the third ground taken in the argument, that the court were not reminded of their omission to charge upon that part of the case until after the jury had returned their verdict. If this was an omission, the counsel for the respondent should have brought it to the notice of the court before the jury retired, so that they could have supplied the omission if the case required it. But we are satisfied from the case that there was no omission, nor any neglect to call the attention of the jury to any thing material for the respondent.

The jury must have found, under the direction of the court, that the college square was thrown out to the public for the public use as a common thoroughfare. It was not material by what name it was called, or what originally induced the owner thus to dedicate it, or whether it was primarily and principally intended for the benefit and advantage of the college. If it was given to be and remain an open space or square, by whatever name it may have been denominated, (and the evidence tended clearly to es-

tablish this fact,) any obstruction thereon, inconsistent with the CHITTENDEN January, public use, would be a nuisance, and would subject the person pla- 1831. cing it there to an indictment.    Therefore,

State
                      Judgement must be rendered on the verdict.              vs.
                                                                            Catlin

*Adams,* for state.
*Bailey & Marsh,* for respondent.