HOMER A. MOREHOUSE et al., Respondents, *v.* ISRAEL YEAGER, Appellant.

One who, with knowledge of a fraudulent combination to obtain the property of another without paying therefor, becomes a party thereto and aids in the accomplishment of the fraudulent purpose by making representations which he knows, or has reason to believe to be false, is liable for the damages sustained by the owner.

The court is not bound to accept the words of a counsel, and so to charge when it has in other and appropriate language given to the jury the true rule by which they are to be governed.

(Argued October 3, 1877; decided October 9, 1877.)

THIS was an action to recover damages alleged to have been sustained by plaintiff, in having been induced by means of false and fraudulent representations on the part of defendant as to the solvency of one Stern, to sell to said Stern some cattle, and to take his checks for the purchase-price.

The case was submitted to the jury under two aspects : 1st. As an action for a conspiracy to defraud the plaintiffs

by imposing upon them the worthless checks of Stern in exchange for the cattle ; and 2d, as an action for false and fraudulent representations as to the pecuniary responsibility of Stern, by which plaintiffs were induced to part with their property on his credit.

The jury were, in effect, charged, that if Stern was irresponsible, and his check worthless, and defendant falsely represented him to be solvent, knowing or having reason to believe that this was untrue, and with intent to defraud, the action would lie for false representations; that if defendant conspired with others to defraud the plaintiffs, and induce them to part with their cattle upon the credit of Stern, he being insolvent, plaintiff was entitled to a verdict; that if, with a knowledge of the fraudulent combination, defendant became a party to it, and aided in accomplishing the fraudulent purpose, by making representations which he knew or had reason to believe to be false, he was liable for the damages sustained by plaintiff. *Held*, no error.

*Stitt* v. *Little* (63 N. Y., 427), was cited by the court as to first proposition.

The principal questions raised on appeal were upon refusals of the court to charge as requested. It was *held*, that most of the requests were substantially covered by the charge, as made; that the court was not bound to accept and charge in the very words of counsel, if he had, in other and appropriate language, given to the jury the true rule by which they were to be governed.

*Benj. M. Stilwell*, for appellant.

*Wm. R. Baldwin*, for respondents.

Agree to dismiss appeal. No opinion.
All concur, except FOLGER and MILLER, JJ., absent.
Judgment affirmed.