AUGUSTUS B. DE BOST, Respondent, v. ALBERT PALMER COMPANY, Appellant.

*Corporation—a party dealing with it must ascertain the authority of its officers—duty of the court to pass upon requests to charge.*

In an action against a corporation upon a written agreement purporting to be executed on its behalf by its president, the corporation claimed that its president had not authority to make the contract. Upon the trial the defendant offered in evidence its by-laws, in force at the time the contract was made, for the purpose of showing that its president had no power to bind it by the contract. Upon the plaintiff's objecting that the evidence was incompetent, because it was not proposed to be shown that he had notice of the by-laws, the court excluded it.

*Held*, that this was error; that all persons dealing with a corporation are bound to take notice of the nature and extent of the authority possessed by its officers.

At the close of the testimony the counsel for the defendant submitted to the court an unnecessary and unreasonable number of requests to charge. The court not having embodied all these requests in its charge, the counsel for the defendant said: "I desire to call your honor's attention to certain propositions embodied in the written requests to charge which I have submitted;"— the court here said: "I decline to charge further than I have already," to which the defendant excepted.

*Held*, that the exception was well taken; that the counsel was entitled to distinguish and point out the specific propositions he desired to have charged.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Dill & Chandler*, for the appellant.

*George A. Strong*, for the respondent.

DAVIS, P. J.:

This action is brought upon two alleged causes of action: First To recover commissions upon the sale of certain real property belonging to the defendant under an oral agreement alleged to have been made between the plaintiff and the defendant. Second. To recover commissions upon an agreement in writing, alleged to have been made by the defendant with the plaintiff for the payment to the latter of commissions upon the sale of the same lands. The

answer put in issue the making of the alleged agreement and especially denied that the written instrument, a copy of which was annexed to the complaint, was executed by the defendant or even ratified by it. The defendant is a corporation created under the laws of this State. The instrument (exhibit A, annexed to the complaint), appears to be an agreement of the defendant corporation and four individuals as owners of certain real estate therein described, and recites that· they had entered into a written agreement with one Leon De Bost, for the sale of the lands to him for $45,000; that the sale was made by Augustus De Bost (the plaintiff) as their agent with the understanding that upon payment of the sum of $45,000, they would allow and pay him $5,000 for making the sale. It then in substance provides for the payment of that commission to the plaintiff by the several parties in proportion to their respective interests, the interest of the defendant corporation being stated at one-tenth, and the amount to be paid at one-tenth of $5,000. This instrument was signed and sealed by the several individual parties to it, and so far as the corporation is concerned as follows: " A. W. PALMER, President [L. s.]." It was acknowledged before a notary public by the individuals, and by A. W. Palmer individually and not as president in the usual form of acknowledgments. On the trial it became an important question whether or not this instrument was executed in such form as to bind the corporation. Palmer was its president. He testified that he was not authorized to sign it for the company, and that he told the plaintiff so at the time he signed the contract. For the purpose of showing the extent of his authority as president in the making of contracts, the defendant's counsel produced the by-laws of the corporation, which were conceded to be the original by-laws of the company in force and without change since January 18, 1879, and offered them in evidence to show what authority the president had in respect to the making and execution of contracts for the corporation. The eleventh article of the by-laws provided, "that no debt or liability, except as hereinafter provided, shall be contracted by any trustee or any officer of the company, excepting as provided in these by-laws; and that no contract or liability shall be authorized and be the act of this company, unless the same shall be first audited and passed upon by the board of trustees, except as hereinbefore provided, and

the evidence of such indebtedness shall be executed as provided in article fifteen."

That article declared that "a suitable seal shall be provided which shall be under the charge of the president and treasurer and the affixing of the seal to contracts and instruments, together with the signature of the president and secretary or treasurer, shall bind the company."

The plaintiff's counsel objected to the admission of those by-laws on the ground "that inasmuch as defendant's counsel states that he does not propose to show notice to us, the proof was immaterial, irrelevant and not evidence against the plaintiff." The objection was sustained and the evidence excluded and the defendant excepted. We are unable to see any ground upon which the exclusion of this evidence can be sustained. The defendant clearly had a right to show if it could that the contract was not authorized by the corporation, and not so executed as to bind the corporation. The president of the company was an agent having a special power and authority declared and defined by the by-laws of the corporation. All persons dealing with him in the name of the corporation were bound to take notice of the nature and extent of his authority when he assumed to act as president of the corporation in making any contract; and it was certainly competent to put the by-laws of the corporation in evidence for the purpose of showing the extent of his authority. The objection was not well taken, and should have been overruled and the exception raises in our opinion a point fatal to the judgment. The rule on this subject is an extremely well settled one as will be found by reference to numerous authorities. (*Adriance* v. *Roome*, 52 Barb., 399; *Dabney* v. *Stevens*, 10 Abb, [N. S.], 39; *Risley* v. *I. B. and W. R. Co.*, 1 Hun, 202.) In *Alexander* v. *Cauldwell* (83 N. Y., 480), the Court of Appeals state the rule as follows: "Every one knows that corporations are artificial creations existing by virtue of law and organized for purposes defined in their charters; and he who deals with one of them is chargeable with notice of the purpose for which it was formed, and when he deals with agents or officers of one of them he is bound to know their powers and the extent of their authority. Corporations, like natural persons, are bound only by the acts and contracts of their agents, done and made within the scope of their authority."

The by-laws of the corporation were therefore competent evidence for the purpose of showing what power had been conferred upon its president as its special agent. It was, we think, error to exclude them.

It is not necessary to consider the other numerous exceptions in the case, most of which were of no importance. An allusion should be made to one which presents, we think, a fatal error. At the close of the testimony the counsel for the defendant submitted to the court a volume of requests to charge unreasonable and unnecessary in number. In charging the jury the court did not embody all these requests, and the defendant's counsel, after taking some exceptions to the charge, said : " I desire to call your honor's attention to certain propositions embodied in the written requests to charge, which I have submitted to —." At this point the court interfered saying : " I decline to charge further than I have already," and the defendant excepted. We think this was an erroneous disposition of the matter. The counsel was attempting to call attention to certain propositions embodied in the requests to charge. He was not asking to charge the whole as a body, and he was entitled to distinguish and point out the specific propositions he desired to have charged. The court prevented him from doing this, and thus deprived him of what seems to us to have been a clear legal right. In *Chapman* v. *McCormick* (86 N. Y., 479), the counsel said: " I want to ask the court to charge the jury in certain respects." The court refused to entertain the request, and the counsel excepted. In reversing the judgment the Court of Appeals say : " It may be that no suggestion would have changed that mind (of the court), but had it been heard, the defendant would have had either the benefit of an exception to that decision, or a ruling of the court in accordance with his views. To one or the other he was entitled ; and it was beyond the power of the court to deprive him of it. As a trial judge is bound to instruct the jury on each proposition of law submitted to him by counsel, bearing upon the evidence, so it must be a legal right of counsel to submit such propositions, and its denial by the court a subject of exception and review upon appeal. The judge, therefore, erred in refusing the request of counsel, and the error is fatal to the judgment, unless it appears that there was no question in the case to be submitted to the jury."

We think the counsel was entitled to select from his numerous requests that had been already handed up, either or any upon which he thought the court had not sufficiently or·properly charged, for the purpose of procuring a charge thereon, or availing himself of a distinct exception if it were refused, and the mode of disposing of his request was equivalent to an absolute refusal to permit him to do this.   On the evidence in the case there were questions of fact to' be submitted to the jury especially upon the question of ratification of the·contract by the corporation.

The judgment should be reversed, and a new trial ordered, with costs to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.