Appeal from Eighth district court.

Action by John F. Reilly against the Sicilian Asphalt Paving Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Herbert C. Smyth and G. Thornton Warren, for appellant.
John Mulholland, for respondent.

BISCHOFF, J. The plaintiff sued for and recovered damages for injuries to his carriage, occasioned by his driving upon and against a pile of wet sand and gravel, placed by the defendant company in the western driveway of Central Park, and maintained, during darkness, without any signal of danger, in that highway. No questions other than those touching the negligence of the defendant and the contributory negligence of the plaintiff are brought before us by the appellant.

The facts upon which the judgment is based are that the plaintiff was driving his vehicle, between 8:30 and 9 o'clock in the evening of July 1, 1895, it being, at the time, quite dark; that the defendant was engaged, during the daytime, in repairing the sidewalks of the park, and had left piles of asphalt in the gutters of the roadway, at the locality of the accident, with a light upon each pile. The bank of sand and gravel, which caused the damage, had been deposited by the defendant midway between two piles of asphalt, each being 20 feet, respectively, from such bank; but the latter was about 4 feet from the gutter, and thus nearer the middle of the road than were the asphalt piles. This sand and gravel mound was, in appearance, like the bed of the road, and the plaintiff, proceeding in a line parallel with the lighted piles, drove upon it, without having any warning of his danger.

We fail to find any reason for this appeal upon the facts, since the justice below could most properly find, from the evidence, that the defendant was negligent in its manner of maintaining the locality, thus rendered dangerous by the work in progress, and that the plaintiff used due care under the circumstances. There is no reason why the plaintiff's testimony in this case should not have been believed by the justice, and that testimony quite fairly shows an absence of any contributory negligence.

Judgment affirmed, with costs.

---

(16 Misc. Rep. 52.)

McDONALD v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

ACCIDENT ON STREET RAILWAY TRACK—CONTRIBUTORY NEGLIGENCE.

A driver of a wagon, in attempting to cross a cable track while a car was 150 feet distant, is not, in law, guilty of contributory negligence because a collision results through failure of the gripman to make any effort to moderate the speed of the car.

Appeal from Sixth district court.

Action by Michael McDonald against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry L. Scheuerman, for appellant.

John W. Hutchinson, Jr., and Walter S. Newhouse, for respondent.

BISCHOFF, J. This action was for injuries resulting to plaintiff's wagon from a collision with one of the defendant's cable cars, and from a judgment for the plaintiff the defendant appeals.

But one question is presented to us by the appellant, and this is whether there was contributory negligence, as matter of law, upon the part of the plaintiff's driver. Upon the facts, however, which are practically undisputed, we must unhesitatingly hold that the appellant's contention is unfounded. Plaintiff's driver, proceeding along Twenty-Fourth street, approached Third avenue from the east, and, when within 5 feet from the defendant's easterly car track, he observed a car upon that track, approaching from a point one block distant, and another car approaching upon the westerly or down track, at a distance of three-quarters of a block. When his wagon, driven at an ordinary speed, was upon the westerly track, this second car was suddenly discovered to be but 18 feet away, and, despite his efforts to escape, the collision occurred. There is no question as to the actual negligence of the defendant's servant. He gave no signal of his rapid approach, and appears to have made not the slightest effort to stop, or to moderate the speed of the car, although the plaintiff's wagon must have been in sight, and about to cross the track, while this car was about 150 feet distant, according to very credible testimony.

In view of the position of the vehicles it was certainly not the plaintiff's duty to wait for the car to pass. He had the right to rely upon the observance, by the gripman, of reasonable care, when he attempted to cross the tracks at the point noted, and the attempt itself was obviously justified. The point where the question of the plaintiff's exercise of care arose was when the car was three-quarters of a block away, not when it had come to within 18 feet of the wagon, through the entire disregard of the plaintiff's rights upon the part of the individual controlling it. Were it negligence for a driver to attempt a crossing under such circumstances, it might be urged that the highway in question were better closed to all except the employés of the railroad company.

Judgment affirmed, with costs. All concur.