ANN ELIZA THOMPSON, Respondent, v. THE MANHATTAN RAILWAY COMPANY, Appellant.

*Negligence — medical expert testimony — when it is hearsay — sufficiency of an exception to testimony.*

In an action, based upon the alleged negligence of a railroad corporation, in which the extent of the plaintiff's injuries was the only question in litigation, the plaintiff claimed that she had received in consequence of the accident a curvature of the spine, permanent at least, if not continuously increasing, and that, when taken to the hospital after the accident, she was cauterized on the back. An expert witness, not the attending physician, was asked by the plaintiff's counsel if cauterization on the back was "not applied alone for a violent injury to the spine."

*Held,* that the testimony, not being given by the attending physician, and being an attempt to establish, by proof of the treatment, an injury to the plaintiff's spine, was in the nature of hearsay, and was incompetent.

A question, not objected to and answered, which is a mere restatement of one already put and objected to, will, if incompetent, justify the granting of a new trial.

BROWN, P. J., and BARTLETT, J., dissented.

APPEAL by the defendant, The Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of June, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Kings, and also from an order entered in said clerk's office on the 8th day of July, 1896, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 10th day of July, 1896, denying the defendant's motion for an adjournment.

*Frederic A. Ward* and *Julien T. Davies,* for the appellant.

*William C. De Witt,* for the respondent.

PER CURIAM:

The sole question litigated on the trial was the extent of the plaintiff's injuries. She was a passenger in the defendant's car, and by a collision between the train and the bumpers was thrown against

the seats of the car. That she received some injury is unquestionable. It was contended on her part that the injuries then received have caused a curvature of the spine, permanent, at least, if not continuously increasing. For the defendant it was claimed that the apparent deformity under which the plaintiff was laboring at the time of the trial did not proceed from any disease, but solely from the voluntary act of the plaintiff either through malingering or hysteria.

The jury awarded the plaintiff $15,000. While this sum is large, we are not prepared to say that we could set it aside as excessive. But the alleged disease and injury was of that kind the existence of which is determined, if not wholly, at least largely, by the statements of the party injured. The disease is obscure and its objective symptoms few. In such a case we think it clear that no incompetent testimony should have been admitted on the question of the existence of the disease. The plaintiff testified that when taken to the hospital after the accident she was cauterized on the back. When Dr. Olcott was on the stand as an expert witness the following examination was had by the plaintiff's counsel: "Q. Doctor, it was stated in some part of the testimony here that in the first hospital where the plaintiff was taken, she was treated by having her back burned or cauterized; for what is that a remedy? Mr. Ward: I object to it as incompetent and immaterial. Mr. De Witt: I want to show that it is a well-known remedy for spinal injuries. By the Court: Q. For what was she treated? A. Treated for an injury — undoubtedly for a deep-seated injury to the spinal column. Mr. Ward: I respectfully except to his Honor's question. Mr. De Witt: I will withdraw his Honor's question and put it myself; I will ask if the remedy of burning the back, cauterizing it, if that is a proper phrase, is not applied alone for a violent injury to the spine? A. Yes, sir."

We think this evidence was incompetent. No question had arisen on the trial as to whether the treatment received by the plaintiff in the hospital had been proper or otherwise. The sole object of this testimony was to prove that the plaintiff suffered from an injury to the spine, and the attempt was to prove this fact, not by the testimony of the physician who then attended her, but from the treatment that she then received. We think that such proof was in the nature

of hearsay. The treatment of the plaintiff for a particular disease was no more than a declaration of the physician that she was suffering from such a disease. As the declaration would not be competent, we think proof of the treatment was not competent. Nor do we think that the jury could infer from the particular treatment what the belief of the attending physician was. While the witness on the stand might have given the specific treatment for one ailment, the attending physician might have given it for another. Further, had the attending physician been produced as a witness on the trial, the vital inquiry would be what at that time he believed to be the nature of the injury to the plaintiff, not what had been his view or belief on that subject at any previous time. Therefore, his previous belief or treatment would not have been competent, except on cross-examination.

We are of opinion that this question is properly raised on the record before us. When the question was first put by the plaintiff's counsel the defendant objected to it. Plaintiff's counsel stated the exact point of the testimony. Then the question was renewed by the court and answered, and to this the defendant excepted. We hold parties strictly to their objections and exceptions, especially where the attention of the court is not fairly called to the precise character of the objection raised. In this case the mind of the court was brought to the exact point by the statement of the plaintiff's counsel as to the object of the testimony. It was not necessary for the defendant to repeat its objection to the questions put by the court and by the counsel. The question as put by the court was substantially only a restatement of the question put by the counsel for the plaintiff. To that objection had already been taken. Its renewal by the court was practically a ruling thereon, and the exception to it well taken.

Judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred, except Brown, P. J., and Bartlett, J., dissenting.

Willard Bartlett, J. (dissenting):

I agree that the first question put to Dr. Olcott on his redirect examination called for evidence that was inadmissible. It assumed that, in the first hospital where plaintiff was treated, she had her

back burned or cauterized, and asked the witness for what that treatment was a remedy. This question, however, was not answered; but, in response to a subsequent question by the court to the same effect, the witness said that the plaintiff was undoubtedly treated for a deep-seated injury to the spinal column. No objection was interposed to the question put by the court, but counsel took an exception to it after the answer. Thereupon the learned counsel for the plaintiff said he would withdraw his honor's question, and immediately afterwards he asked the witness whether the remedy of burning or cauterizing the back was not applied alone for a violent injury to the spine. To this there was no objection whatever in behalf of the defendant, and Dr. Olcott answered yes. It seems to me from the record that at this point the plaintiff's counsel abandoned whatever objection he previously had in mind by remaining silent when the last question was put and answered. Notwithstanding the absence of objection or exception, we could, nevertheless, order a new trial if we deemed the error sufficiently serious, but I think that the harm to the defendant was wholly done away with by the further statement of Dr. Olcott on his recross examination that he certainly did not mean to be understood as saying that cauterization of the neck was never used except in cases of spinal disease.

In my opinion there is no error disclosed by the record which warrants a reversal of the judgment.

BROWN, P. J., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.