allegation that the defendants wrongfully withhold the premises, under Alvord v. Hetsel, 2 How. Prac. (N. S.) 88, Taylor v. Crane, 15 How. Prac. 358, Platto v. Jante, 35 Wis. 629, and kindred cases. But we cannot hold these allegations sufficient to sustain this complaint, because they must be construed in connection with the allegations in the complaint as to the tenancy, because upon those allegations the pleader must stand in asserting the possession of the defendant, and the right of the plaintiff to immediate possession must depend upon whether the tenant's right to possession had been terminated.    In no aspect, therefore, can we hold that this complaint is sufficient.

The defendant's second ground of demurrer—that two or more causes of action have been improperly united, because it appears by the complaint that an action of ejectment is united with an action upon a contract to recover a sum of money for rent—is disposed of by what we have said in regard to there being no cause of action set forth in the complaint.    There being none whatever alleged, there cannot be an improper joinder.    It is proper, however, that we should say that the provision in the judgment appealed from whereby it is adjudged that the plaintiff recover of the defendants $245, his damages for the withholding of the premises, is erroneous.    The learned judge at special term overruling the demurrer by his decision did not authorize this judgment, and it is not authorized by the complaint in the action.    By section 1507 of the Code of Civil Procedure it is provided that "a verdict, report, or decision in favor of the plaintiff must fix the amount of rent in arrear to the plaintiff, or, if judgment is taken by default, the amount thereof must be ascertained by or under the direction of the court."    The court, as we have seen, gave no such direction.    This section would seem to contemplate that in cases of default the court must ascertain by proof the amount in arrear of the rent in some proper manner, as in other cases of default.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days upon the payment of the costs of the demurrer and of this appeal.    All concur.

---

(21 Misc. Rep. 1.)

### HUNTER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term.    July 29, 1897.)

1. STREET RAILROADS—CROSSINGS—NEGLIGENCE—PROVINCE OF JURY.
    Plaintiff approached street-railway tracks, driving at the rate of eight miles per hour.  When his horse was five feet from the eastern track, which was nearest to him, he noticed a car from one-half to three-fourths of a block away, approaching on the western track.  When half-way across that track, the car had come to within 18 feet of him, and was moving so fast that he could not cross before it struck the hind wheels of the wagon.  *Held*, that the questions of negligence and contributory negligence were for the jury.
2. PERSONAL INJURIES—DAMAGES—PLEADING AND PROOF.
    Under an allegation charging that, because of personal injuries, plaintiff was "made sick, sore, and disabled," a physician might describe plaintiff's

condition at length, and, in doing so, state that he had been troubled with pleurisy and other ailments owing to the injury.

3. SAME—EVIDENCE—WAIVER OF OBJECTIONS.

Plaintiff's physician was asked, "From the condition that you found this man in, and the subsequent treatment you gave him, could you state with reasonable certainty what the injuries he received had come from?" and he answered, "Taking the history of the case, I should say undoubtedly it was from this accident." Defendant did not move to strike out the answer as nonresponsive, or for any other reason. *Held*, that the form of the question, if objectionable, was cured by the answer.

4. SAME—EXPERT TESTIMONY.

A physician may tell whether the physical condition in which he found an injured person could have resulted from the injury.

5. SAME—INSTRUCTIONS—SUFFICIENCY.

A request to instruct that there is no evidence of permanent injury, and that the jury may not find anything for permanent injuries, if they find at all, is substantially given by an instruction "that the plaintiff has not claimed in his complaint damages for permanent injury, but I submit the evidence as to his present condition to the jury for what it may be worth."

Appeal from city court of New York, general term.

Action by James Hunter against the Third Avenue Railroad Company. A judgment in favor of plaintiff was affirmed by the general term (45 N. Y. Supp. 1044), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson (N. Ottinger, of counsel), for appellant.

Hutchinson & Newhouse (W. S. Newhouse and J. T. Little, Jr., of counsel), for respondent.

McADAM, J. The plaintiff, a professional driver, was on April 30, 1895, at about 2:50 p. m., driving through Twenty-Fourth street from Second to Third avenue. When he approached the Third avenue crossing he looked up and down the track. He noticed an uptown car just leaving Twenty-Third street, and a car coming down about one-half to three-quarters of a block away from Twenty-Fourth street. His horse's head was then five feet away from the east or north-bound track. The plaintiff kept on across the avenue, but, before he could clear the westerly or downtown track, his hind wheel was struck by the downtown car, his wagon was jammed against a pillar of the elevated railroad, and he was thrown out of the wagon and received the serious injuries complained of. The plaintiff drove the horse to show an expected buyer how gentle it was. He was driving at the rate of 8 miles an hour, and when halfway across the west track the car was about 18 feet away from him. There is a down grade on the cable road at this point, and the car came so fast that there was no means by which the plaintiff could escape the collision. The plaintiff was certainly not guilty of contributory negligence per se. It was for the jury to say, under all the circumstances, whether he was free from any fault contributing to the injury, and they found in his favor on that issue. The degree of care to be used in crossing the tracks of a street railway is quite different from that which must be exercised in crossing a steam railway. Wendell v. Railroad Co., 91 N. Y., at page 429. At the intersection of streets the rights of street-railway

cars and of other vehicles are equal,—the car, to the use of the track; and the other vehicles, to cross the tracks. "The car has the right and must cross the street, and the vehicle has the right to cross and must cross the railroad track. Neither has a superior right to the other. The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other." O'Neil v. Railroad Co., 129 N. Y., at page 130, 29 N. E. 84. Under this rule the plaintiff was perhaps justified in assuming that, having once started across the track, the defendant would so regulate the speed of its car as to permit him to pass in safety. It appears that the owner of the wagon in which the plaintiff was driving on the occasion in question recovered damages against the defendant for injuries to the wagon. McDonald v. Railroad Co., 16 Misc. Rep. 52, 37 N. Y. Supp. 639. This court, in affirming the recovery, said:

"The plaintiff's driver, proceeding along Twenty-Fourth street, approached Third avenue from the east; and, when within five feet from the defendant's easterly car track, he observed a car upon that track approaching from a point one block distant, and another car approaching upon the westerly or downtown track at a distance of three-quarters of a block. When his wagon, driven at an ordinary speed, was upon the westerly track, this second car was suddenly discovered to be but 18 feet away; and, despite his efforts to escape, the collision occurred. * * * In view of the position of the vehicles, it was certainly not the plaintiff's duty to wait for the car to pass. He had the right to rely upon the observance by the gripman of reasonable care when he attempted to cross the tracks at the point noted, and the attempt itself was obviously justified. The point where the question of the plaintiff's exercise of care arose was when the car was three-quarters of a block away, not when it had come within 18 feet of the wagon, through the entire disregard of the plaintiff's rights upon the part of the individual controlling it. Were it negligence for a driver to attempt a crossing under such circumstances, it might be urged that the highway in question were better closed to all except the employés of the railroad company."

The evidence in this case, as in that, clearly authorized the finding of the jury that the defendant was negligent.

The exception at folio 65 is frivolous. The court said to the plaintiff's attending physician, "You may describe at length what you found to be this man's condition," and the witness accordingly stated it. This was proper, and the exception thereto unavailing. The complaint specifically charged that, in consequence of the injuries, the plaintiff was "made sick, sore, and disabled"; and the physician who attended him was properly allowed to describe the nature and extent of the sickness and disability, and that is all he did. The defendant's counsel, on the conclusion of the charge to the jury, referring to this testimony, said, "That there is no evidence of pleurisy, and the jury may not consider pleurisy, as it had not been pleaded," to which the court replied, "Whatever evidence has been given in regard to pleurisy is before you [the jury], and it is for you to attach such importance to it as you think fit." To this the defendant excepted. The judge in his charge had not said a word about pleurisy, and the attention of the jury was first called to it by the defendant. Under the specific allegation in the complaint before referred to, the plaintiff's physician had described the plaintiff's physical condition,

and in doing so said he had been troubled with pleurisy and other ailments owing to the injuries. The description would not have been complete without this testimony, which was clearly competent. If the defendant desired an enumeration of all the ills the plaintiff suffered on account of the injuries received, it should have applied for a more specific bill, describing them in detail. In Ehrgott v. Mayor, etc., of N. Y., 96 N. Y. 264, at page 277, the court said:

"Upon the trial, plaintiff gave evidence tending to show that he had a disease of the spine, of a permanent nature, as the result of his injuries. This evidence was objected to * * * on the ground that the plaintiff had not alleged such a result from the injury in his complaint. We think the complaint is sufficient. It alleges that he suffered great bodily injury; that he became, and still continues to be, sick, sore, and disabled," etc. * * * "These allegations are sufficient to authorize proof of any bodily injury resulting from the accident."

The exception is therefore without merit.

At folio 68 the following question was objected to as incompetent: "From the condition that you found this man in, and the subsequent treatment you gave him, could you state with reasonable certainty what the injuries he received had come from?" This question calls for "Yes" or "No." No motion was made to strike out the answer of the witness as not responsive, or upon any other ground, and defendant's objection is therefore unavailing. Vinegar Co. v. Schlegel, 143 N. Y., at page 543, 38 N. E. 729. If objectionable at all, it was merely as to the form of the question; and that was cured by the answer, which was accepted by the defendant. As a matter of fact, the witness' reply was in no respect prejudicial to the defendant, for he answered, "Taking the history of the case, I should say undoubtedly it was from this accident." But the question was competent, for a physician may tell whether the physical condition in which he found an injured person could have resulted from an injury. Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344. In the case cited the court, at page 309, 109 N. Y., and page 347, 16 N. E., said, "It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings, and with the opinions of competent physicians as to whether such could have resulted from the accident." See, also, Clegg v. Railway Co., 1 App. Div. 207, 37 N. Y. Supp. 130. In Thompson v. Railway Co., 11 App. Div. 182, 42 N. Y. Supp. 896, cited by appellant, the plaintiff sought to prove by an expert—not the attending physician—what the plaintiff would probably be suffering from in case a certain mode of treatment were administered, and such evidence was properly held hearsay. The difference between such a question and the one under consideration is obvious.

At the conclusion of the charge the defendant's counsel also said, "That there is no evidence of permanent injury, and they may not find anything for permanent injury, if they find at all." The court replied, "I instruct the jury that the plaintiff has not claimed in his complaint damages for permanent injury, but I submit the evidence as to his present condition to the jury for what it may be worth." While it is the absolute right of counsel to submit propositions of law bearing on the evidence, and the duty of the court to instruct the jury.

on each proposition (Chapman v. McCormick, 86 N. Y. 479), the rule stated does not require the court to put every abstract proposition that may be submitted, nor charge requests in the terms formulated by counsel. If the jury are correctly instructed as to the point, the party is not legally harmed by the departure. Morehouse v. Yeager, 71 N. Y. 594; Conley v. Meeker, 85 N. Y. 618. The justice instructed the jury, in effect, that the question of permanent damages was not in the case, because such damages were not claimed. This, in substance, covered the request the defendant desired put; and the jury, no doubt, properly understood it. It is not to be presumed that the jury allowed for something neither claimed nor proved. Nor does the amount of the verdict, which was for $750 only, justify the inference that the jury were in any manner misled by the charge. Moreover, the justice went further, and said, "But I submit the evidence as to his present condition to the jury for what it may be worth." This was proper, for it had been testified to by the plaintiff's physician, whose opinion on the subject was to be considered as the justice put it. The intention to exclude any recovery for permanent injuries is too apparent to require extended comment.

We find no error, and the judgment must be affirmed, with costs. All concur.