WERSEBE *v.* BROADWAY AND SEVENTH AVE. R. Co.

(New York Superior Court— General Term, January, 1893.)

In an action to recover for personal injuries caused by negligence of one of defendant's servants while driving one of defendant's cars, the court charged that, as matter of law, $5,000 would not be an exorbitant amount of damages. *Held*, error, for which a judgment in plaintiff's favor would be reversed.

Error in the admission of incompetent testimony, received under objection and exception, and which may have affected the verdict, is not cured by a direction to the stenographer to strike it out and admonishing the jury to disregard it.

APPEAL from a judgment entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial.

*Root & Clarke*, for defendant (appellant).

*C. Fine* and *Thos. J. Farrell*, for plaintiff (respondent).

McADAM, J. The action is to recover $5,000 damages for injuries resulting from the negligence of the defendant's servant, in running over the plaintiff, while driving one of defendant's cars. The jury found in favor of the plaintiff, and awarded him a verdict for $2,500.

As the proofs satisfactorily sustain the finding of the jury both as to negligence upon the part of the defendant's servant, and freedom from fault on the part of the plaintiff, the only questions necessary for us to review, are those arising from the exceptions taken during the trial. The first is that at folio 211, wherein the plaintiff's counsel requested the court to charge "that $5,000 would not be an exorbitant amount of damages as matter of law," to which the court responded, " I so charge," whereupon the defendant duly excepted. Though not pointed out upon the appellant's brief, we do not understand that the exception stated is waived; on the contrary, that it is insisted upon. The trial judge disclaimed any intention of indicating to the jury what sum would be a proper measure of compensation to the plaintiff, and told them that they were

the sole judges thereof, yet the charge itself was not recalled or otherwise modified in its purpose, and may have produced an effect on the minds of the jury injurious to the appellant, and presumptively it did. *Huvemeyer* v. *Huvemeyer*, 86 N. Y. 618; *Greene* v. *White*, 37 N. Y. 405. The trial judge may sometimes state the impressions which testimony makes on his mind, leaving it, however, for the jury to come to their own conclusions. Baylie's Trial Pr. 236. At the same time, in view of the just regard which is paid by jurors to the opinion of the judge, it is proper that in case of conflicting evidence he should use great caution in expressing his opinion. (Id.) The fairer and safer course is for the trial judge to refrain from expressing any opinion on the facts, leaving the jurors to make their own findings and draw their own inferences therefrom, uninfluenced by the opinion of the trial court. Where damages are unliquidated in their nature, and depend, as they must, in negligence cases, upon the findings the jury make on the facts and inferences they may draw from the conflicting evidence, it is next to impossible for a trial judge, in advance of the result, to assure a jury that as matter of law, $5,000 would not, in the given case, be an exorbitant amount of damages to allow a plaintiff. The instructions from the trial court are to aid the jury in the work of reaching a result, and where such an intimation is made by the court, no matter how guarded the language, it cannot fail to have its weight with the jury; and when the plaintiff's counsel made the request, he must be held to have intended it to influence the jury, or otherwise we are forced to assume the request to have been idle in its purpose, and meaningless in its effect, conclusions hardly imputable to the ability and character of the learned counsel who tried the cause in the court below.

In actions to recover damages for personal injuries caused by negligence, there is no fixed standard or measure by which a moneyed remuneration is to be made. True, there are rules by which certain compensatory items of damage are recoverable, but beyond these, much is left to the good judgment,

experience and intelligence of the jury, and has no legal meas-urement save their discretion. While the burden of proof of damages rests, in a general sense, upon the plaintiff, yet if, through no fault of his, the precise damage sustained cannot be accurately determined, the wrongdoer must bear the bur-den of that difficulty. Shear. & Redf. on Neg. (4th ed.) § 740. While it is proper for the trial judge to instruct the jury as to the rules of law which are to guide them in their deliberations, and to control them in arriving at an agreement as to the amount of damages, they should in other respects be left free to reach a result of their own, we think it dangerous practice for the trial court to instruct the jury in a case where the quantum of damages rests largely in their discretion, "that $5,000 would not be exorbitant as matter of law." See Sedg-wick on Damages (8th ed.), § 388. If such directions were sustained, confusion would ensue, for the defendant might, with equal propriety, have asked the trial court to instruct the jury that a verdict for $2,000, or even a smaller amount, would be sustained. The verdict was for exactly one-half the sum specified by the trial judge. The jury may have been influ-enced in fixing the amount by the instruction they had received, and perhaps by way of compromise met the intimation half-way. The appeal book shows, also, that certain evidence, admitted under the defendant's objection and exception, was stricken out by the trial judge, who instructed the jury to disregard it (Fol. 129); and again, at folio 151, the same course was taken as to certain other testimony, and in this instance at the request of the plaintiff's counsel. Where incompetent testimony has been admitted in the presence of the jury, under objection and exception, which may have affected the verdict, a direction subsequently given to the stenographer to run his pen through it, with an admonition that the jury must disregard it, does not cure the evil impres-sion the testimony may have made upon the minds of the jury. *Erben* v. *Lorillard,* 19 N. Y. 299 ; *Wright* v. *Equitable Life, etc., Ins. Co.,* 41 N. Y. Sup. Ct. 1 ; *Allen* v. *James,* 7 Daly, 13 ; *Furst* v. *Second Ave. R. Co.,* 72 N. Y. 542, and

cases collated in Baylie's Tr. 500, 501. For these reasons, and without considering the other exceptions in the case, the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, J., concurs.
Judgment and order affirmed.