goods are yet in the hands of the vendor or of a carrier or middleman employed to convey them to the vendee, the vendor may retain them, or stop them in transitu, until the price is paid." Parks v. Hall, 12 Pick. 206, 211.

As the lien is divested by an absolute and perfect delivery, a construction of the complaint which makes the recital in the ninth paragraph equivalent to an allegation of delivery does not help the plaintiff in the least. There is nothing in the complaint to indicate that the sale of the materials which the plaintiff's assignor was to supply to the defendants was conditional. Indeed, the contract indicates the contrary. But, even if there was, the rule of law applicable to conditional sales is that a delivery of the goods sold to the vendee, without insisting upon the performance of the condition, operates as a waiver thereof. "Where goods sold, to be paid for in cash or notes on delivery, are delivered to the purchaser without the cash or notes being given or demanded at the time, the presumption is that the condition is waived, and that a complete title vests in the purchaser." Parker v. Baxter, 86 N. Y. 586. The plaintiff claims a lien for the balance of the purchase price of such merchandise as was "sold and delivered" by its assignor to the defendants; and no fact is stated or suggested from which it can be inferred that the delivery was not complete and absolute, and without the reservation of any property right in the material delivered.

The appellant insists, quite correctly, that, even if the court cannot afford the plaintiff the equitable relief prayed for, nevertheless the complaint should not have been dismissed if the facts set out therein warrant a recovery of damages, as in an action at law. We have therefore considered the complaint in that aspect, but find it equally insufficient. As already shown, there is no allegation of a delivery or tender of the property sold, and the complaint is similarly defective in regard to the doing of the work. It fails to state that the plaintiff's assignor actually did any work. The statement that the "said Engelhardt Company proceeded to and was engaged in discharging the obligations" which were assumed under the contract does not show that anything really had been done, or what or how much. It is by no means the equivalent of an averment that the plaintiff's assignor had performed all the conditions of the contract on her part.

The judgment appealed from should be affirmed, with costs. All concur.

---

(5 App. Div. 186.)

GARBACZEWSKI v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. CARRIERS—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries, it appeared that plaintiff was thrown from defendant's car by a lurch or jolt caused by a defectively constructed curve. On the issue of contributory negligence, witnesses for defendant testified that, as the car approached the curve, plaintiff was standing on the edge of the platform, and had both hands in his pockets; that plaintiff's breath smelled of liquor; and that the conductor shouted, "Hold fast!" Plaintiff testified that he stood in the middle of the platform, and had but one hand in his pocket; that he did not hear the con-

ductor's warning; and that he was sober. *Held*, that the issue could not properly have been taken from the jury.

2. SAME—REQUESTED INSTRUCTION.
In such a case, a charge that "if you believe that the swing or jolt, if any, to the car, in making the turn-out, was not such as to throw a person on the rear platform, exercising reasonable care for his own safety, your verdict must be for the defendant," correctly applies, to the precise danger at hand, the rule requiring reasonable care for self-protection, and leaves the issue of plaintiff's negligence to be determined from all the evidence.

3. REQUESTED CHARGE—COURT'S MISCONCEPTION—DUTY OF COUNSEL.
Where a full statement of the court's reasons for declining to give a requested instruction shows a misconception of the proposition, it is the clear duty of counsel to explain it, and point out the misconception.

4. ADEQUATE CHARGE—REFUSAL OF REQUESTED INSTRUCTION.
Where the charge is adequate, and covers every subject as to which it is proper to instruct the jury, the refusal of a requested instruction is not reversible error.

5. PERSONAL INJURIES—IMPAIRMENT OF POWER OF SPEECH—DAMAGES.
That the power of speech was impaired by a personal injury is an element of ordinary damage, and may be proved without having been specially pleaded.

Appeal from circuit court, New York county.

Action by Adolf Garbaczewski against the Third Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William N. Cohen, for appellant.
Alfred Pagelow, for respondent.

BARRETT, J. We are satisfied that this was a proper case for a jury. There was sufficient evidence of the defendant's negligence, and of the plaintiff's freedom therefrom. In fact, we have no doubt that the plaintiff was thrown from the defendant's car in consequence of a jolt or lurch occasioned by a defectively constructed curve. The plaintiff had no reason to look for this lurch. The car was an open one, and, when the plaintiff got on, he stood for a moment upon the platform, getting his fare ready for the conductor, who was near by. It was at this moment that the jolt occurred which threw him upon the street. There was a sharp conflict of testimony at this point. Some of the witnesses say that the plaintiff was standing on the edge of the platform, and had both hands in his pockets. The plaintiff says that he was in the middle, and had but one hand in his pocket. The defendant's witnesses say that the conductor shouted "Hold fast!" Plaintiff says he did not hear it. Others testify that the plaintiff's breath smelt of liquor. Plaintiff says that he was sober, and so does the man for whom he worked that morning. It is clear that the question of contributory negligence could not properly have been taken from the jury. It was submitted to them under careful instructions, and the verdict which followed should not be lightly disturbed. We have gone over the

learned judge's charge, and also his rulings upon the requests to charge; and we think that the case was, in the main, submitted to the jury clearly and correctly. The only request which we think should have been charged was this:

"If you believe that the swing or jolt, if any, to the car, in making the turn-out, was not such as to throw a person on the rear platform, exercising reasonable care for his own safety, your verdict must be for the defendant."

With regard to this request, the learned judge expressed himself as follows:

"I decline to so charge. That is a matter for the jury to determine from the facts of the case. Of course, the duty rests upon the plaintiff of satisfying the jury by a fair preponderance of proof, as I have already stated, that he himself was free from any negligence contributing to the injury, and for the jury to determine whether or not he was guilty of such negligence; and they must determine it from all the evidence in the case, and not from one isolated fact."

To this ruling the defendant excepted. We think the proposition embodied in the request was correct. It was a concrete statement of the rule requiring reasonable care for self-protection, and it simply applied that rule to the precise danger at hand. Whether the danger was great or slight was a question for the jury. The jolt may have been great or slight, just as the jury looked at the testimony. The proposition left that question to them. It was only in case they should find that the jolt was not such as to throw a person off who was exercising reasonable care for his own safety that they were to find for the defendant. It is quite evident, however, that, in the haste of going over the defendant's requests at the close of the case, the exact point of this carefully worded proposition was overlooked. This is apparent from the observations which we have quoted, made by the learned judge in response to the request. If the request struck the learned judge as a proposition founded upon an isolated fact, and not upon the conclusion which the jury should reach from all the facts, it might well have struck 12 laymen in the same manner. We do not mean to say that the proposition is literally confusing. Read in cold type, with ample opportunity to analyze it, we find no difficulty in comprehending its meaning and purpose. We might, however, upon a casual examination, especially if our attention were not specifically called to the happy and adroit blending of the two postulates, treat the proposition as did the learned trial judge. We think that, after the full statement which the learned judge gave of his reasons for declining to charge as thus requested, it was the clear duty of counsel to explain the proposition, and to point out the misconception which the learned judge's observations suggested. We also think it apparent that the defendants were not prejudiced by the declination, and that the request, if charged, would not have varied the result. The learned judge had already charged the jury fully and satisfactorily upon the question of contributory negligence. He also went over the main facts, and applied the proper rule thereto. Thus, the charge was not an abstraction, but a practical exposition of this crucial feature of the case. Nay more, he was asked to, and he did, charge:

"If the warning to 'hold fast' was uttered and heard by the plaintiff, within time enough for him to do it, that it was his duty to do it; and, failing to do it, he was guilty of contributory negligence."

He also charged that the plaintiff was bound to show his freedom from contributory negligence by a preponderance of evidence. Thus, the jury must have had a clear idea of their duty with regard to this question,—a much clearer idea than they could possibly have derived from the subtly formulated proposition under consideration. We are satisfied that the reading of this proposition to the jury, at the time and under the circumstances disclosed by the record, would have conveyed nothing further to their minds than had already been instilled there by the colloquial charge. It would have impressed no new, independent, or affirmative thought upon them; and they would still have had an adequate understanding of the doctrine of contributory negligence in all its bearings upon the case before them. A verdict thus fairly obtained should not be set aside.

There are no other exceptions which call for special consideration. There were some other requests which the defendant insists should have been charged; but we need not consider them, as the main charge was correct and sufficient upon the points aimed at. It is only when the judge has not adequately covered all the ground in his colloquial charge that requests of this description are of real value. When the charge is adequate, and covers every subject as to which it is proper to instruct the jury, the reading of such request is useless, and generally confusing. They then become a mere mental duel between the court and the counsel, which should not be permitted to result in injury to the suitors.

There was no error in the admission or exclusion of evidence. The fact that the plaintiff was able to talk without hesitancy prior to the accident was proper for the consideration of the jury. If his speech was affected by the accident, that was an element of ordinary damage. It was not special damage, but an incident or detail of the injury. It may have called for a bill of particulars. But it did not call for a special plea.

Upon the whole, we see no reason for disturbing the verdict, and the judgment and order denying the motion for a new trial should accordingly be affirmed, with costs. All concur.