JAMES MALONE, as Administrator, etc., of BRIDGET MALONE, Deceased, Respondent, *v.* THE THIRD AVENUE RAILROAD COMPANY, Appellant.

*Trial — after handing up written requests to charge additional requests may properly be made.*

Where a witness for the plaintiff has been contradicted on the trial by his own previous statements, and the court in its charge comments upon his testimony, the defendant's counsel, although he has already, as directed by the court, handed to it written requests to charge, may properly ask that in addition thereto the court charge that if any witness has knowingly testified falsely in any material particular the jury may disregard his entire testimony, and it is error for the court to refuse to so charge.

APPEAL by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

York on the 23d day of March, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of New York, and also from an order entered in said clerk's office on the 24th day of March, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

*Henry L. Scheuerman, William N. Cohen* and *John Vernon Bouvier, Jr.,* for the appellant.

*Emanuel J. Myers,* for the respondent.

RUMSEY, J. :

The action was brought to recover damages for the negligent killing of the wife of the plaintiff. It was claimed on the part of the plaintiff that she was thrown from one of the cars of the defendant by a sudden jerk of the car, which took place just as she had arisen to get out. There was a serious conflict of evidence as to the manner in which the accident occurred. One witness, who was sworn by the plaintiff, gave evidence tending to show negligence on the part of the defendant and the lack of contributory negligence on the part of the deceased. His testimony, if true, was most important, but upon cross-examination he was confronted with declarations previously made by him, which tended to seriously contradict it.

Before the charge to the jury the defendant's counsel submitted several requests to charge, which presented all the law claimed by him to bear upon the case in his favor, so far as he desired to present it at that time. After passing upon these requests, the court proceeded to charge the jury. In the course of the charge the court commented somewhat upon the particular testimony which been given by the witness referred to. At the close of the charge the following colloquy occurred : " Defendant's counsel : I will ask your honor to charge   *   *   *   and if any witness has knowingly testified falsely ———.   The Court : ' If there is any other request on the general law of the case it ought to have been handed up. I do not like, after you exhaust your written requests, to have others asked orally. I do not entertain it.'   Defendant excepts.   The jury then retired."

After the jury had retired the defendant's counsel procured the

request which he had undertaken to make, and which the court refused to entertain, to be entered upon the minutes, and excepted again to the refusal to entertain it. The request is as follows: "If any witness has knowingly testified falsely in any material particular, he is guilty of perjury, and you may disregard his entire testimony." We think it was error in the court to refuse to entertain and charge this proposition. That it is a correct statement of the law cannot be, nor is it, denied. There is no doubt that it is not only the duty, but the legal right, of counsel to present to the court for its consideration every proposition of law which is material for the instruction of the jury upon the case, nor is there any doubt of the correlative duty of the court to instruct the jury upon each of such propositions, which submitted by counsel, as bear legitimately upon the evidence. (*Chapman* v. *McCormick*, 86 N. Y. 479.) A denial of such right is a proper subject of exception and review upon appeal. Usually the time when these propositions shall be submitted is within the discretion of the court. Any direction which the court gives to counsel upon that subject must be obeyed, and if it directed that they should be handed up before the charge that it may consider them, the court would be justified in a proper case in refusing to consider them afterwards when counsel had had an opportunity to present them. But all requests to charge cannot be presented before the charge is made. Counsel have a right to assume that the court will fully instruct the jury, not only as to every proposition of law bearing upon the case, but that it will also advise the jury, so far as may be necessary, as to the manner of considering the evidence, and the rules to be adopted upon such consideration. How far these instructions shall go is to a very considerable extent in the discretion of the court, and no counsel can foresee what will be said on these subjects in any given case. For that reason counsel cannot be expected to present to the court requests to charge on those points, or to anticipate any failure on the part of the court to give such full directions to the jury with regard to the application of legal rights for the consideration of evidence, as will enable them to interpret the evidence understandingly. Whether requests are needed upon these points depends entirely upon the nature of the charge to the jury. For that reason it cannot be said to be improper for counsel to call the

attention of the court to those subjects, if they have been omitted in the charge, and to request a proper charge upon them after the court has finished, although requests to charge upon the substantive law of the case have been presented before.

In this case it appears that there was a very closely disputed question of fact. It was the duty of the jury to examine carefully the evidence of each witness who testified upon that point, and it was the right of the defendant to have full instruction given to the jury as to the rules which have been laid down to control the consideration of the evidence. Especially is that the case when, as in this case, a witness had testified differently at two different times. The request was a proper one, and the charge should have been given. The refusal to do so was an error which was fatal to the verdict.

In thus holding we do not wish to be understood that the right of counsel to present requests to charge is unlimited, or that it may not be controlled by the court. While we recognize the right to present such requests, and the duty of the court to charge them, so far as they are material to the case, we also recognize that there is sometimes a great abuse of the privilege of counsel respecting the submission of requests to charge. As is said by Judge WOODS in *The L. & N. Railroad Co.* v. *Kelly* (24 U. S. App. 103, 107), "There must be a point — it may be difficult to locate — where in sheer self-defense, as well as out of regard for the due administration of justice, a court may refuse to entertain such requests, merely because of their excessive number or quantity." When the charge is adequate and covers every subject as to which it is proper to instruct the jury, further requests are useless and generally confusing. They then become a mere intellectual duel between the court and counsel, which should not be permitted. (*Garbaczewski* v. *Third Ave. R. R. Co.*, 5 App. Div. 186, 189.) It must be left very largely to the discretion of the trial court to decide when that point shall have been reached, and an appellate court will be loth to interfere with that discretion, unless it is clear that it has been improperly exercised. Having come to the conclusion that this error is a fatal one, we have not thought it necessary to discuss the case further. Many other exceptions have been taken, but the questions presented by them will not be necessarily presented upon a new trial, and, therefore, it is useless to pass upon them upon this appeal.

For the error considered above, the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.