## MALONE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department, December 22, 1896.)

TRIAL—REQUESTS TO CHARGE.

    Counsel have a right to assume that, in its charge, the court, without request, will state such of the rules of evidence as are pertinent; hence where, at the close of a charge, a further instruction was asked, embodying a correct rule of evidence peculiarly applicable to the issues, it was error to refuse it on the ground that it should have been presented with others, to be passed on before the charge was given.

Appeal from trial term, New York county.

Action by John Malone, as administrator of Bridget Malone, deceased, against the Third Avenue Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. L. Scheuerman, for appellant.

E. J. Myers, for respondent.

RUMSEY, J. The action was brought to recover damages for the negligent killing of the wife of the plaintiff. It was claimed on the part of the plaintiff that she was thrown from one of the cars of the defendant by a sudden jerk of the car, which took place just as she had arisen to get out. There was a serious conflict of evidence as to the manner in which the accident occurred. One witness, who was sworn by the plaintiff, gave evidence tending to show negligence on the part of the defendant, and the lack of contributory negligence of the deceased. His testimony, if true, was most important, but upon cross-examination he was confronted with declarations previously made by him, which tended to seriously contradict it. Before the charge to the jury, the defendant's counsel submitted several requests to charge, which presented all the law claimed by him to bear upon the case in his favor, so far as he desired to present it at that time. After passing upon these requests, the court proceeded to charge the jury. In the course of the charge, the court commented somewhat upon the particular testimony which had been given by the witness referred to. At the close of the charge the following colloquy occurred:

  "Defendant's Counsel: I will ask your honor to charge * * *, and if any witness has knowingly testified falsely— The Court: If there is any other request on the general law of the case, it ought to have been handed up. I do not like, after you exhaust your written requests, to have others asked orally. I do not entertain it. (The defendant excepts. The jury then retire.)"

After the jury had retired, the defendant's counsel procured the request which he had undertaken to make, and which the court refused to entertain, to be entered upon the minutes, and excepted again to the refusal to entertain it. The request is as follows:

"If any witness has knowingly testified falsely in any material particular, he is guilty of perjury, and you may disregard his entire testimony."

We think it was error in the court to refuse to entertain and.charge this proposition. That it is a correct statement of the law cannot be, nor is it, denied. There is no doubt that it is not only the duty, but the legal right, of counsel, to present to the court, for its consideration, every proposition of law which is material for the instruction of the jury upon the case; nor is there any doubt of the correlative duty of the court to instruct the jury upon each of such propositions submitted by counsel as bear legitimately upon the evidence. Chapman v. McCormick, 86 N. Y. 479. A denial of such right is a proper subject of exception and review upon appeal. Usually, the time when these propositions shall be submitted is within the discretion of the court. His instruction upon that subject to counsel must be obeyed, and if he directs that they shall be handed up before the charge, that he may consider them, he would be justified, in a proper case, in refusing to consider them afterwards, when counsel had had an opportunity to present them. But all requests to charge cannot be presented before the charge is made. Counsel have a right to assume that the court will fully instruct the jury, not only as to every proposition of law bearing upon the case, but that he will also advise the jury, so far as may be necessary, as to the manner of considering the evidence, and the rules to be adopted upon such consideration. How far these instructions shall go is to a very considerable extent in the discretion of the court, and no counsel can foresee what will be said on these subjects in any given case. For that reason, counsel cannot be expected to present to the court requests to charge on those points, or to anticipate any failure on the part of the court to give such full directions to the jury with regard to the application of legal rights for the consideration of evidence as will enable them to interpret the evidence understandingly. Whether requests are needed upon these points depends entirely upon the nature of the charge to the jury. For that reason it cannot be said to be improper for counsel to call the attention of the court to those subjects, if they have been omitted in the charge, and to request a proper charge upon them after the court has finished, although requests to charge upon the substantive law of the case have been presented before. In this case it appears that there was a very closely disputed question of fact. It was the duty of the jury to examine carefully the evidence of each witness who testified upon that point, and it was the right of the defendant to have full instruction given to the jury as to the rules which have been laid down to control the consideration of the evidence. Especially is that the case when, as in this case, a witness had testified differently at two different times. The request was a proper one, and the charge should have been given. The refusal to do so was an error which was fatal to the verdict. In thus holding we do not wish to be understood that the right of counsel to present requests to charge is unlimited, or that it may not be controlled by the court. While we recognize the right to present such requests, and the duty of the court to charge them, so far as they are material to the case, we also recognize that there is sometimes a great abuse of the privilege of counsel respecting the submission of requests to charge. As is said by Judge Woods in Railroad Co. v. Kelly,

24 U. S. App. 103, 107, 11 C. C. A. 260, 262, and 63 Fed. 407, 409, "there must be a point, although it may be difficult to locate, where in sheer self-defense, as well as out of regard for the due administration of justice, the court may refuse to entertain such requests merely because of their excessive number or quantity." When the charge is adequate, and covers every subject as to which it is proper to instruct the jury, further requests are useless, and generally confusing. They then become a mere intellectual duel between the court and counsel, which should not be permitted. Garbaczewski v. Railroad Co., 5 App. Div. 186, 189, 39 N. Y. Supp. 33. It must be left very largely to the discretion of the trial court to decide when that point shall have been reached, and an appellate court will be loth to interfere with that discretion, unless it is clear that it has been improperly exercised. Having come to the conclusion that this error is a fatal one, we have not thought it necessary to discuss the case further. Many other exceptions have been taken, but the questions presented by them will not be necessarily presented upon a new trial, and therefore it is useless to pass upon them upon this appeal.

For the error considered above, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.