(119 App. Div. 203)

## DOUGLAS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 17, 1907.)

**1. TRIAL—VERDICT—REFUSAL TO ACCEPT—INSTRUCTIONS.**

Where, in an action for personal injuries, the court refused to receive the verdict on the ground of the inadequacy of the damages awarded, and directed the jury to retire and reconsider it, and charged that the verdict was insufficient, the refusal to charge that the jury were not bound by the view of the court, but that the determination of the amount of damages was for them, was reversible error.

**2. SAME—INSTRUCTIONS—INVADING PROVINCE OF JURY.**

In an action for unliquidated damages, it is error for the court to intimate to the jury that the question of the amount of damages is not for them, or to give any instructions that will indicate the amount of damages the court considers the plaintiff is entitled to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 436–438.]

**3. SAME—INADEQUACY OF VERDICT—REFUSAL TO ACCEPT—AUTHORITY OF COURT.**

Where the jury, in an action for personal injuries, finds for plaintiff, and awards damages which are inadequate, the court may refuse to receive the verdict and direct the jury to reconsider the amount of damages under proper instructions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 793.]

Clarke and Laughlin, JJ., dissenting in part.

Appeal from Appellate Term.

Action by Sophia B. Douglas against the Metropolitan Street Railway Company. From the determination of the Appellate Term, affirming a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

James L. Quackenbush, Bayard H. Ames, Anthony J. Earnest, and Henry A. Robinson, for appellant.

Samuel Campbell (Robert Goeller, of counsel), for respondent.

CLARKE, J. This was an action in the City Court to recover damages for personal injuries claimed to have been the result of defendant's negligence. The case having been submitted to the jury, after deliberation they returned and reported to the court that they had found a verdict in favor of the plaintiff for the sum of $50. Counsel for the plaintiff moved to set the verdict aside. The court said:

"I will not receive that verdict in this case. I request you to retire and reconsider it. The plaintiff testified to the injuries received, and her doctor to the treatment made necessary thereby, and $50 nominal damages is not, in my opinion, a just compensation therefor. By the verdict you bring in now you say the plaintiff has satisfied all the requirements of the law that justifies her in recovering against the defendant for its negligence in operating the car at the time and place in question, and you say that the only damage she sustained by reason of her pain and suffering and the injuries she received can be compensated for with $50. The court does not agree with you, and directs you to go back to the jury room. If you find that this plaintiff is entitled to recover, give her such sum as will compensate her for the injuries she received and the pain and suffering she endured by reason thereof."

Counsel for the defendant excepted to the refusal to accept the verdict as beyond the authority and scope of the court's jurisdiction, and attempted to get an instruction to the jury which the court refused to receive. Thereafter the jury brought in a verdict for $200 for the plaintiff, and judgment was entered thereon.

The refusal of the court to receive any request to charge after this action upon its part was clear error. As said in Chapman v. McCormick, 86 N. Y. 479:

"The jury was before the court in their proper places. Its ear was withheld from the counsel, not because he did not speak in season, but because, anticipating the object of counsel, the court decided to deny him. It may be that no suggestion would have changed that mind; but, had it been heard, the defendant would have had either the benefit of an exception to that decision or a ruling of the court in accordance with his view. To one or other he was entitled, and it was beyond the power of the court to deprive him of it. As a trial judge is bound to instruct the jury on each proposition of law submitted to him by counsel bearing upon evidence, so it must be a legal right of counsel to submit such propositions, and its denial by the court a subject of exception and a review on appeal."

If that be the rule in an ordinary case, if after the charge counsel has the absolute right to present a request, perhaps required by the charge, how much more so when the court has undertaken to interfere with the verdict of the jury? Assuming arguendo that the court had the power to refuse to receive the verdict, it certainly was the right of counsel to have the court instruct the jury that nevertheless they were not bound by the views of the court, but the determination of the amount was still within their discretion. The error in refusing to hear the proposed request is fatal to this judgment.

Upon the main proposition I am also inclined to think that it cannot be sustained. So far as I have been able to discover, no case sustains the proposition that, where the damages are unliquidated in an action upon a tort, the court has the power to instruct the jury as to the amount which they should bring in, or refuse to receive a verdict which is substantial in amount. As I understand it, there are three classes of cases in which a judge can interfere with the verdict:

First. If the damages are nominal, as, for instance, in a death case, if the jury should return a verdict of six cents. This is so palpably inconsistent that the court is authorized in refusing to receive it and sending the jury back for further consideration. Rogan v. Mullins, 22 App. Div. 117, 47 N. Y. Supp. 920.

Secondly. Where in an action ex contractu, if a party is entitled to a verdict at all, he is entitled to a fixed sum, as in Hatch v. Attrill, 118 N. Y. 383, 23 N. E. 549. In that case the jury brought in a sealed verdict for $50,000. The court refused to receive it, and directed the jury to retire, and instructed them, if they found a verdict for the plaintiff, to find it for the full amount claimed. The jury afterwards returned into court and rendered a verdict for $163,000. The court said:

"The amount of the debt due the plaintiff was that for which the verdict was finally rendered. That was not questioned. Whether or not the plaintiff was entitled to recover any sum against the defendants was a question of fact for the jury; but, in the event they found for the plaintiff, the amount of the debt was the measure of recovery. When, therefore, the jury found that

the plaintiff was entitled to recover, their further duty was plain. The court refused to receive the verdict as first found, because it was not such a one as the jury, under the instructions of the court, legally were at liberty to render; and they were sent back to reconsider the verdict, so far as it related to the question of fact, with directions as to the amount of it in the event they found for the plaintiff. In that respect and in such event it was matter of correction of a mistake. The province of the jury was not to any extent invaded by this action of the court, and before the verdict was recorded it was within the recognized power of the court, for the purpose and as done in this instance, to send the jury back to reconsider their verdict."

The third class of cases is where interest is added or other obvious amendments are made, so that the verdict may express the real views of the jury, with the consent of the jury, as in Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559. The court having directed the jury that, if they found for the plaintiff, the verdict should be for a given sum, a sealed verdict was returned for the plaintiff, without any amount stated. Upon motion thereafter, upon affidavits of all the jury that they had forgotten the amount, but, as the court had stated the exact amount which the plaintiff was entitled to if he received a verdict, they supposed the court would insert that amount, the verdict was amended accordingly.

This case does not come within any of those classes. At first blush the argument is rather persuasive that, as the court undoubtedly has the power to set aside the verdict as inadequate, it makes for simplicity to refuse to receive an inadequate verdict and require the same jury to repass upon the question. But where is the line to be drawn? Supposing this jury, on its second return to court, had brought in a verdict for $150, and the court had concluded that amount inadequate and sent it out again; would it not be a complete substitution of judge for jury as assessors of the damages? I think the proposition is dangerous, and, if sustained, would prove an invitation to improper interference. I see no difference in principle between refusing to receive a verdict for a substantial, though in the opinion of the court inadequate, amount, and sending the jury back to bring in a larger one, and instructing the jury in the first instance that they must bring in a verdict for at least a given amount. It has been held by the General Term of the Superior Court that an instruction to the jury at the request of the plaintiff's counsel that a verdict for $5,000 in a damage case would not be an exorbitant amount as matter of law was reversible error. Wersebe v. Broadway & Seventh Ave. Ry., 1 Misc. Rep. 472, 21 N. Y. Supp. 637.

It follows, therefore, that the determination of the Appellate Term, affirming the judgment and order of the City Court, should be reversed, and that a new trial should be had, with costs to the appellant to abide the event.

LAUGHLIN, J., concurs.

INGRAHAM, J. I concur with Mr. Justice CLARKE in directing a reversal of this judgment upon the ground that it was error to instruct the jury that their verdict was insufficient and to refuse to receive any request to charge after this determination; but I do not con-

cur in the conclusion that the court was without power to request the jury to reconsider their determination as to the amount of their verdict. Where a jury, by finding a verdict for the plaintiff, have found the main issue against the defendant, but in assessing the damages have made an obvious mistake, whether the damages were liquidated or unliquidated, I think the court has power to call their attention to the circumstances and ask them again to consider the question as to the amount of damage to which the plaintiff was entitled. Of course, in a case where the damages are unliquidated, it would be error for the court to intimate to the jury that the question of the amount of damage was not for them, or to give any instructions which would indicate the amount of damage to which the court considered the plaintiff would be entitled; but, subject to such proper instructions as would prevent a misconception by the jury, I see no reason why the court could not have the right to ask the jury to again consider the question. It would have the right to set aside the verdict after it was received and order a new trial before another jury. The verdict not having been received, the whole question was still with the jury. If the jury had returned a verdict which was not regular as to form, or which for any reason was not a proper verdict, the court has the undoubted power to resubmit the question to the jury, with such instructions as would enable them to properly perform the duties imposed upon them; and it seems to me that where the jury have definitely decided that the plaintiff is entitled to recover, but have fixed the damages at an amount which to the court seems entirely inadequate, the court had the right to ask the jury to reconsider that question, but that reconsideration must be by the jury uninfluenced by any instructions of the court as to the amount of their verdict. The court in this case clearly violated this rule by instructing the jury, in effect, that they must bring in a verdict for a larger amount, and refusing to entertain an application by the defendant for further instructions upon the question.

I concur, therefore, in the reversal of the judgment.

PATTERSON, P. J., and SCOTT, J., concur.