peal heard by us was from a judgment; that is, an order only may be entered upon our decision when the appeal heard by us is from an order. But the respondent in this appeal has adopted the other practice, relying upon the Stevens Case. That case may or may not be sufficient warrant for his practice. The fact remains that he has entered judgment of dismissal, and has appealed therefrom to the Court of Appeals. The very question presented by this appeal is therefore now in the Court of Appeals, and will in due course, it is presumed, be argued before that court and decided by it. It seems to me, therefore, that, unless there is some controlling reason why we must decide this appeal now, the delicate thing for us to do is to defer determining this appeal until the Court of Appeals has passed on the question; in other words, we ought not to anticipate a decision of the Court of Appeals upon a question which affects that court, namely, its jurisdiction to hear an appeal in a given case. I am not unmindful that it ordinarily becomes our duty to decide appeals from orders which come regularly into this court, and a case might arise where we would have to pass upon the question of the appealability of an order of the Court of Appeals. It is not necessary, however, to do this in this case. The appeal now pending in the Court of Appeals is entirely independent of the appeal now before us, and our decision of this appeal can in no way affect the appeal to the Court of Appeals from the judgment of dismissal. We should not, and, of course, we could not even if we desired, foreclose any party of an appeal to the Court of Appeals, where he might take his appeal as a matter of right. I think the orderly thing for us to do is to suspend our judgment until the appeal from the judgment of dismissal is determined in the Court of Appeals; and I therefore advise that course.

---

### PAFF v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. TRIAL—DELIBERATIONS OF JURY—INSTRUCTIONS AFTER SUBMISSION.

In an action for personal injuries, the jury having brought in a verdict for plaintiff for $75, the court instructed them that that amount was not sufficient, and that if they found defendant liable they should award substantial damages, and directed them to reconsider their verdict, whereupon they retired and brought in another verdict for $750. *Held* that, while the court can require the jury to reconsider the question of the amount of damages, the amount must be left to the jury, and the court erred in instructing that the verdict returned was insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 792, 793.]

2. STREET RAILROADS—VEHICLES ON TRACK—COLLISION — NEGLIGENCE — EVIDENCE.

In an action for injuries to plaintiff's person and wagon by being struck by defendant's street car, evidence that the car was sufficiently distant when plaintiff attempted to cross to slow up so that he could cross, if the conductor had exercised due care, together with plaintiff's testimony that the conductor was at the time talking to the motorman, was sufficient to warrant a finding that defendant was negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 239-247.]

Scott, J., dissenting.

Appeal from Trial Term.

Action by John H. Paff against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Judgment reversed, unless plaintiff agrees to accept a reduced amount, in which event judgment is directed in that sum.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Anthony J. Ernest, for appellant.
Theodore H. Friend, for respondent.

INGRAHAM, J.   In the afternoon of October 5, 1905, at about half past 3 o'clock, the plaintiff was driving in 179th street near Webster avenue, in the city of New York.   As he was crossing Webster avenue from the westerly to the easterly side of 179th street he saw a car approaching from the north about 175 feet away.   While crossing the track plaintiff saw the approaching car and tried to increase the speed of his horse to avoid an accident, but before he got across the car struck the right hind wheel of his buggy about on the hub.   The plaintiff was thrown out of the buggy, the buggy was smashed, and the plaintiff was injured.   The plaintiff testified that he heard no gong sound, but that seems to be immaterial, as he saw the car when it was 175 feet away; that as the car was approaching he could see the motorman's head turned in the opposite direction, and as the plaintiff yelled to his horse the man first turned around to look in front of him in the direction in which the car was going; that the motorman did not increase or decrease his speed from the time that the plaintiff started to cross the track, but it seemed to the plaintiff that he was in conversation with the conductor on the rear of the car.   Another witness testified that when he first saw the plaintiff his horse was over the track and the car was at that time about 100 feet away, going at what the witness called "a pretty lively speed," and the car hit the buggy before it got across.   The defendant introduced evidence tending to show that the plaintiff was guilty of contributory negligence, and that the defendant was not guilty of negligence.   The case was submitted to the jury by a charge to which there was no exception, and the court ordered a sealed verdict.   The following morning the jury returned a sealed verdict for the plaintiff for $75.   The plaintiff moved to set aside the verdict and for a new trial upon the ground that the verdict was inadequate, whereupon the court stated to the jury that $75 was not sufficient; that, if they found that the defendant was liable, it became their duty to give the plaintiff reasonable and substantial damages, and directed them to retire and further consider the amount of damages to be awarded to the plaintiff.   To this the defendant excepted, and after the jury had retired for further deliberation counsel for the defendant asked that the jury be recalled and that they be instructed that they are still a deliberate body and can bring in a verdict for the defendant.   In reply the court stated that the defendant's counsel should have made that request before the jury retired, to which the defendant excepted.   The jury subsequently rendered a verdict for the plaintiff for $750.   The defendant objected to the ver-

dict upon the ground that the jury had completed their labors and reduced their findings to writing and then separated, and they could no longer then act as a jury; and he then moved upon that ground and others that the verdict be set aside, or that the verdict for $75 be received as the verdict in the case. That motion was denied, and the defendant excepted.

If the court had set aside the verdict and granted a new trial upon the ground that the verdict was inadequate, I should not have disagreed; but the question presented is whether or not the court, in a case where the damages are inadequate and where the jury have assessed the damages, can hold as a matter of law that the damages were not adequate, and instruct the jury to retire and further consider the case, and that they must give to the plaintiff reasonable and adequate compensation. I adhere to the view expressed in Douglas v. Met. St. Ry. Co., 119 App. Div. 203, 104 N. Y. Supp. 452, that, where the jury have determined that the plaintiff is entitled to recover, and have fixed the damages at an amount which to the court seems inadequate, the court has the power to instruct the jury to reconsider the question as to the amount of damages; but the question as to the amount to be awarded must be left to the jury without instruction as to the amount of the verdict, and it was error to instruct the jury $75 was not sufficient, and that they must bring in a verdict for a larger amount than that first determined upon. I think, therefore, that a new trial should be granted, unless the plaintiff consents to reduce the verdict to $75, in which case the plaintiff will be entitled to judgment for that amount.

There was evidence that the car was far enough away when the plaintiff started to cross the track to enable the motorman, if he was attending to his business, to slow up so as to allow the plaintiff to cross in safety; and that, coupled with plaintiff's testimony that the motorman was engaged in conversation with the conductor of the car, is evidence to justify the jury in finding the defendant negligent. The jury were also justified in finding the plaintiff free from contributory negligence.

The judgment should be reversed, and a new trial ordered, with costs to the successful party by the final judgment, unless the plaintiff stipulates to reduce as aforesaid, in which case the judgment is directed on the verdict for $75, without costs on this appeal.

HOUGHTON, J., concurs.

CLARKE, J. Adhering to the views expressed by me in Douglas v. Met. St. Ry. Co., 119 App. Div. 203, 104 N. Y. Supp. 452, I concur in result.

LAUGHLIN, J., concurs with CLARKE, J.  SCOTT, J., dissents.