ASTRUC v. STAR CO.

(Circuit Court, S. D. New York. November 28, 1910.)

1. TRIAL (§ 18*)—CONTROL BY JUDGE—REASONABLE RESTRICTIONS.

A party who has had a reasonable opportunity to present his evidence, objections, and requests cannot complain of reasonable restrictions on the exercise of his rights by the judge in that respect, imposed in the exercise of discretion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 37; Dec. Dig. § 18.*]

2. TRIAL (§ 257*)—INSTRUCTIONS—REQUESTS—PRESENTATION—TIME—REFUSAL.

Counsel having been requested to hand up their requests, plaintiff failed to do so. After the main charge had been given, the court passed on 17 or 18 requests then made by plaintiff orally. The court then passed on 3 or 4 additional requests from plaintiff's counsel, after he had stated that he had but one more when counsel walked to his table and turned his back to the court. The clerk was then instructed to swear an officer to accompany the jury on retirement, which was done without any objection or exception that plaintiff had more requests to submit. The court then turned to other business with other counsel, and the jury were leaving the box, when plaintiff's counsel stated that he desired to submit an-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
182 F.—45

other request to charge. *Held*, that the court was justified in refusing to permit the submission of the request at that time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 642; Dec. Dig. § 257.*]

3. LIBEL AND SLANDER (§ 116*)—DAMAGES.

In an action for libel, plaintiff's damages are confined to general and compensatory damages, unless the jury find express malice; there being no allegation or proof of special damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 343; Dec. Dig. § 116.*]

4. LIBEL AND SLANDER (§ 101*)—MALICE—PRESUMPTIONS.

In an action for libel, the law implies damage from the publication thereof and legal malice, as distinguished from express malice, which must be proved.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 278; Dec. Dig. § 101.*]

5. LIBEL AND SLANDER (§ 112*)—EXPRESS MALICE—PROOF.

Proof of express malice in the publication of a libel may be dispensed with, if it appears on the face of the article or from the wanton, careless, or reckless manner of its publication.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 329; Dec. Dig. § 112.*]

6. LIBEL AND SLANDER (§ 62*)—MITIGATION—PUBLICATION—DUTY TO MAKE INQUIRY.

Before publishing an article derogatory to another, it is the duty of the publisher to make due inquiry as to the truth of the article; the publisher's good faith and actual belief in the truth of the article after due investigation being available in mitigation of damages in the absence of express malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 162, 317; Dec. Dig. § 62.*]

7. LIBEL AND SLANDER (§ 52*)—JUSTIFICATION—TRUTH.

There can be no justification for a libel short of proof of the truth thereof.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 151, 152; Dec. Dig. § 52.*]

8. LIBEL AND SLANDER (§ 120*)—PUNITIVE DAMAGES.

Punitive damages cannot be allowed for libel unless express malice has been found.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 350, 351; Dec. Dig. § 120.*]

Action by Gabriel Astruc against the Star Company. Motion for new trial. Denied.

Maurice Leon, for plaintiff.

Macdonald De Witt and M. Towne, for defendant.

RAY, District Judge. It seems to me, so far as requests to charge are concerned, that what was said by Earl, J., in O'Neil v. D. D. E. B. & B. R. R. Co. et al., 129 N. Y., at pages 130, 131, 29 N. E., at page 85 (26 Am. St. Rep. 512), disposes of this case if it is good law and common sense. The court there said, among other pertinent things:

"The counsel of a party cannot ask as a right unreasonably to prolong a trial, by the examination of witnesses, or by debates to the court or jury, or

by innumerable and interminable requests to charge. In these matters, the judge has some discretion to be exercised in the interest of justice and with a due regard to the rights and interests of the parties. A party has the right to a reasonable opportunity to present his evidence, objections, and requests, and after he has had that he cannot complain of reasonable restrictions and limitations put upon the exercise of his right by the judge in the fair use of the discretion which he undoubtedly possesses."

In Blashfield, Instruction to Juries, it is said (section 134, pp. 330, 331):

"Where the refusal to give an instruction because not presented in time would work injustice, the court should either waive its rule, and give the instruction, or make such explanations of its own as would put the law correctly before the jury. But where a full and fair opportunity has been afforded to counsel to submit their requests for instructions, a very clear case of abuse of discretion must be made out to call for any interference with the refusal of the trial judge to receive other requests, the presentation of which has been unnecessarily delayed."

And to the same effect is Schuhle v. Cunningham, 14 Daly (N. Y.) 404; Williams v. Com., 85 Va. 607, 8 S. E. 470; Tully v. Despard, 31 W. Va. 370, 6 S. E. 927. These cases are not substantially in conflict with what was held in Chapman v. McCormick, 86 N. Y. 479, where the court refused to entertain any requests after the main charge was delivered, which is not this case.

This case is similar to Gallagher v. McMullin, 7 App. Div. 321, 324, 325, 40 N. Y. Supp. 222, and unlike Malone v. Third Av. R. R., 12 App. Div. 508, 42 N. Y. Supp. 694, and Douglas v. Met. St. R. Co., 119 App. Div. 203, 205, 104 N. Y. Supp. 452.

First, in the case at bar, counsel were requested to hand up their requests to charge to enable the court to go over them, or the propositions embraced therein, in the main charge, or cover them thereby and save time and confusion. The defendant handed up its requests to charge, but the plaintiff did not. However, the court listened to and passed upon many requests, about 17 or 18 in number, made orally by plaintiff's counsel after the main charge had been completed. The court then passed upon 3 or 4 requests from plaintiff's counsel after he stated he had but one more. Then plaintiff's counsel turned away, walked to his table, where he had books and papers, and, to the court, seemed to be picking them up. The clerk was then instructed by the court to swear an officer to accompany the jury, which the clerk did, without objection or suggestion that the plaintiff had more requests to submit. In the meantime the court had turned to other business with counsel in other cases or another case, not on the calendar, and the jurymen were picking up their hats, and some were out of the box, when plaintiff's counsel approached and stated that he desired to submit another request to charge. The court stated it was then too late. What that request was to have been is not set forth in the motion papers but appears in reply affidavits.

In the trial of causes there must come a time when the court is not called upon to listen to and pass upon further requests to charge, and, in this case, after the counsel had said he had "one more" and then submitted three or four, all of which were passed upon, and had then turned away and returned to his table, where he remained

with his back to the court while without objection an officer was sworn to accompany the jury to its room, and after the jury had in part left the box for the purpose of retiring and the court had taken up other business, it seemed to the court that a fair judicial discretion was exercised in declining to entertain further requests and further instruct the jury. There was no suggestion of inadvertence, mistake, error of counsel, or of forgetfulness. This court entertains the same opinion now after an examination of the cases. Clearly the affidavits of Mr. Shearn, Mr. Towne, and the deputy clerks dispose of these matters and of the other questions presented by the moving affidavits.

The jury was plainly told that it was for them to say whether the published article alleged to be libelous, so far as it referred to the plaintiff, charged him with misconduct or dishonesty or a violation of his duty to be honest, etc., and that, if it did, it was libelous. The complaint contains an allegation as to the meaning, and I am of the opinion it was for the jury, not the court, to say what the meaning was as applied to the plaintiff and so far as it referred or related to him.

The court paid close attention to the requests made and the conduct of counsel on both sides and observed no interference with the counsel for the plaintiff in submitting requests that in any way was prejudicial. The attention of the court was not called to any interference by plaintiff's counsel. The court is sure there was no improper conduct on the part of the clerk of the court.

Since writing the above, I am in receipt of the supplemental or answering affidavit of Mr. Leon stating the request he would have submitted. All of these propositions so far as applicable to the case had been gone over in the charge as made. The jury had been told what constitutes libel, and that if they found any part of the article libelous as referring to the plaintiff he was entitled to recover damages. That his damages were confined to general and compensatory damages unless they found express malice, as there was no allegation or proof of special damages, and the meaning of special damages was explained. The jury was also told: That the law implies damage from the publication of a libel, and that the law implies or presumes what is known as legal malice, but not express malice, which must be proved in some way, and that in this case the jury could not find express malice unless it appeared on the face of the article or from the wanton, careless, or reckless manner of publication. That before publication it is the duty of a publisher to make due inquiry as to the truth of an article, and that good faith, actual belief in the truth after due investigation may go in mitigation and tend to prove absence of express malice. Also, that there could be no justification short of proof of the truth of the libel. It was assumed that the defendant company was liable for the acts of its agents and in effect so stated. The jury was told they could not give punitive or exemplary damages unless they found express malice, but that express malice might appear from the wantoness or recklessness or carelessness of the publication. That in the absence of express malice the plaintiff

could only recover compensatory damages; that is, for mental suffering, injury to reputation and standing in community, etc. Also:

"If he did not suffer in his mind at all, did not care anything about it, did not lose any business or suffer in his reputation or standing in the community, then all he would be entitled to recover would be nominal damages."

Also, that he was entitled to recover "substantial damages according to the injury received" or suffered, but refused to charge that the right to substantial damages depends on the charges made and not on the feelings of the man. But the court also charged that the character of the accusation must be taken into consideration by the jury in order for it to make up its mind as to how much the plaintiff suffered either in mind, mental suffering, reputation, or standing in the community. However, as the court declined to say that the article was on its face a libel as to the plaintiff read altogether, and left it to the jury to say how it would be read and understood by any considerable number of readers, and was libelous if it would be read and understood by any considerable number as charging the plaintiff with dishonesty or want of integrity, etc., in which event he would be entitled to nominal damages in any event, and also charged that if the plaintiff had been libeled there was no proof tending to justify the libel, and the jury found a verdict of no cause of action, it is evident it found the article was not libelous, and the question is whether or not the court should have charged that the article was libelous per se, leaving the amount of damages to the jury, in view of the mitigation so far as there were mitigating circumstances. If the court should have so charged, the plaintiff is entitled to a new trial. If not, then the other questions sought to be covered by the requests the plaintiff's affidavits in reply say would have been presented are of no moment.

As stated, I think it was for the jury to say whether the article or any part of it was libelous when read altogether, in that it charged the plaintiff with dishonesty or want of integrity in the business he was doing or a violation of the duty he owed to be honest, straight, and square. And the jury was told the article was libelous if it would have been read and understood by any considerable number as making any such charge against the plaintiff, and that if they so found there was no justification, and plaintiff was entitled to recover some damages. This was a question of fact, not of law, taking the article as a whole. I repeat, the jury having found a verdict of no cause of action, it is evident they found the article was not libelous. If not libelous, there was no question of damages for them to consider.

The motion for a new trial is denied.