ACME PATTERN & MACHINE CO., INC., Respondent, v. EDWARD C. RUCHTE, Appellant.

Fourth Department, May 2, 1928.

Contracts — action for material and labor — expert witness, officer of plaintiff, gave opinion as to value of services — error to instruct jury that if they found for plaintiff, it must be for amount demanded in complaint.

In this action to recover for materials furnished and services rendered, an officer of the plaintiff testified, as an expert, as to the value of the services. It was error for the court to instruct the jury that if they found for the plaintiff, their verdict must be for the full amount demanded in the complaint, for it was a question of fact for the jury to determine what was the reasonable value of the materials and labor. The error was not harmless because the amount of the verdict rendered was less than the amount demanded in the complaint with interest.

APPEAL by the defendant from a judgment of the County Court of Erie county, entered in the office of the clerk of the county of

494 BALDO _v._ FERRARI.

Erie on the 2d day of March, 1927, and also from an order entered in said clerk's office on the 15th day of March, 1927.

_Bagley, Wechter, McCormick & Irvin_ [_Glenn A. Irvin_ of counsel], for the appellant.

_Myron S. Short_ [_John H. Little_ of counsel], for the respondent.

PER CURIAM. There is some evidence that certain items of material for which plaintiff claims payment were not furnished. The evidence offered by plaintiff to support its claim as to the reasonable value of services rendered was the opinion of an expert witness who was an officer of the plaintiff. Under these circumstances, it was error for the trial court to charge the jury that if they found for plaintiff their verdict was bound to be for the full amount demanded in the complaint. What materials were furnished, what labor was performed, and what the reasonable value thereof was, were questions of fact to be determined by the jury and not by the court. (_Reves v. Hyde,_ 14 Daly, 431, 432; _Campbell v. Ludin,_ 104 N. Y. Supp. 372.)

Nor do we think the error was harmless because the amount of the verdict rendered was less than the amount demanded in the complaint with interest added. Nothing was said in the charge of the court about interest, and we have no means of knowing how the jury arrived at the amount found, which is even more than the court instructed them to find.

The judgment and order appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted with costs to appellant to abide the event.