PAWTUCKET MUTUAL FIRE INSURANCE COMPANY, Plaintiff, *v.* REINHOLD J. KEEHN, Defendant.

County Court, Erie County, May 14, 1942.

*William J. Bullion* for defendant.

*George N. Cooley, Jr.,* for plaintiff.

WARD, J. This is a motion for a new trial " on all the grounds mentioned in sections 549 and 552 of the Civil Practice Act, and particularly on the grounds: 1st: That the verdict is against the law of the case " as charged by the court. " 2nd: That the verdict is contrary to the evidence * * *" and " 3rd:

\* \* \* That the verdict of the jury was contrary to and against the weight of evidence and was a compromise verdict."

In October, 1940, the plaintiff recovered a judgment for $335 rendered by a police justice. A new trial was allowed before the Honorable F. BRET THORN and a jury in January, 1941, in this court, resulting in a verdict of $200 for the plaintiff. The present motion is properly before this court, after the term of office of Judge THORN has expired.

During the trial the plaintiff called an expert "auto mechanic," who estimated the cost of repairs to the damaged automobile that was the subject of the action. When asked what amount was paid for the repairs, the expert answered: " I believe $385.00. Q. What was the amount of the original repair bill, can you tell me? A. About $404.00, about that. Q. And this lesser amount was paid? A. That is right."

Plaintiff's exhibit number 2, admitted in evidence without objection, enumerates costs of parts and labor, the total of which is $407.32.

When the plaintiff's exhibit number 1 was offered in evidence, the defendant's attorney said: " I have no objection to its going in evidence, as to the assignment of the claim, but I do object to it going in as any proof as to the extent of the damages." The court sustained the objection but received the exhibit in evidence. Plaintiff's exhibit 1 recites the damage to be $385, and the amount paid to the plaintiff's subrogor as $335.

When the plaintiff's subrogor was asked on the witness stand how much the plaintiff paid him, he answered: " Three hundred some odd dollars; I know I paid 50." After allowing him to see plaintiff's exhibit number 1, he answered that the plaintiff paid: " 335."

The court charged the jury, leaving two alternatives, either " your verdict should in this case be in favor of the plaintiff here for $335.00," or " your verdict should be one of no cause of action."

The jury retired at 11:05 A. M., and returned a verdict at 4:43 P. M. the same day " for cause." The court then directed the jury to deliberate further and return a verdict stating the amount of damages. The jury returned a verdict that same day at 4:57 P. M. for the plaintiff in the amount of $200.

Except where a verdict is properly directed or set aside, there are three classes of cases in which the trial court can interfere with the verdict: (1) Where the damages are nominal; (2) where in an action *ex contractu*, if a party is entitled to a verdict at all, he is entitled to a fixed sum; (3) where interest is added

or other amendments are made, so that the verdict may express the real views of the jury, with the consent of the jury. (*Douglas* v. *Metropolitan Street Railway Co.*, 119 App. Div. 203.) " No case sustains the proposition that where the damages are unliquidated in an action upon a tort the court has the power to instruct the jury as to the amount which they should bring in * * *." (*Douglas* v. *Metropolitan Street Railway Co.*, *supra*, 205, 206.) Where the trial justice instructed the jury that, if they found a verdict for the plaintiff, it must be for $150, the Appellate Term held that the value of the injured horse was a question of fact for the jury which should have been allowed to determine it. (*Campbell* v. *Ludin*, 104 N. Y. S. 372.) In an action tried before the Supreme Court, Erie County, the plaintiff offered the testimony of an expert witness to support its claim as to the reasonable value of services rendered; on appeal the Appellate Division, Fourth Department, held " it was error for the trial court to charge the jury that if they found for plaintiff their verdict was bound to be for the full amount demanded in the complaint. What materials were furnished, what labor was performed, and what the reasonable value thereof was, were questions of fact to be determined by the jury and not by the court." (*Acme Pattern & Machine Co., Inc.*, v. *Ruchte*, 223 App. Div. 493.) The same court added: " Nor do we think the error was harmless because the amount of the verdict was less than the amount demanded in the complaint with interest added." (*Acme Pattern & Machine Co., Inc.*, v. *Ruchte*, *supra*. See also, *McNulty* v. *Pickelmann*, Supreme Court, Appellate Term, 141 N. Y. S. 521.)

In this case, the facts do not come within any of the three classes of cases in which a judge can interfere with the verdict. Although this action is based upon subrogation, the quantum of recovery depends upon unliquidated damages and tort. The learned trial judge erred here when he instructed the jury to return a verdict for the full amount claimed in the complaint or for nothing at all. The issues of fact in this case included what materials were furnished or needed to repair the automobile, what labor was performed or required in making those repairs, and what the reasonable value of each item of material and labor actually was. Such issues are clearly for the jury alone. The verdict for the plaintiff for $200, and not $335 as demanded in the complaint, does not correct this prejudicial error.

Therefore, the motion for a new trial is granted, without costs. Prepare and submit order accordingly.