William E. J. Connor, J.
This is the return of an order to show cause why a manifest clerical error in the report of a jury after the trial of an action for breach of contract should not be corrected by the court. The trial minutes indicate the following upon the return of the jury: “ The Court: What is your verdict? Foreman: As Foreman of the Jury I have been directed to render a verdict in favor of the plaintiff in the amount of $166.50, which represents the actual cost to him, $.50 per bale on the 373 bale shortage.”
At the time of the rendition of the verdict, it apparently did not occur to anyone, including the court, that 50 cents times 373 equals $186.50 and not $166.50. It therefore appears that the report of the jury contains a mere mathematical error and the court is empowered under section 105 of the Civil Practice Act to correct the error. The power to make such correction by the court has long been established by the courts. (See Chamberlain v. Brady, 17 Jones & Sp. 484, affd. 94 N. Y. 649; Selig v. Alexander, 185 App. Div. 322; Warner v. New York Cent. R. R. Co., 52 N. Y. 437; White v. Hussey, 191 Misc. 193.)
Nor is it necessary that the error be discovered at the time that the verdict is rendered, but the same may be corrected, if called to the attention of the court, after the rendition of the verdict. (See Hodgkins v. Mead, 119 N. Y. 166; Dalrymple v. Williams, 63 N. Y. 361.)
*487 It is now urged for the first time that the figure 373 bales is in excess of the number of bales demanded in the complaint. However the testimony on the subject was to the effect that there were 373 bales. No objection at the time of the testimony was made that said sum was not in conformity with the complaint and the jury was charged that there were 373 bales and there was no objection to said charge. The objection thus raised at this time is too late. The cleric is directed to enter judgment in the sum of $186.50, together with interest on said sum from the 26th day of February, 1957. (See Mathis v. Matthews, 39 N. Y. S. 2d 242; Mulroy v. Sessions, 38 N. Y. S. 2d 853; Demms v. Blanchard, 150 Misc. 867; Pawtucket Mut. Fire Ins Co. v. Keehn, 179 Misc. 551.)